WENDELL H. AND DOROTHY B. COLLINS, PETITIONERS V.
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6748–77.   Filed August 29, 1978.

Wendell H. Collins and Dorothy B. Collins, pro se.
W. Robert Pope, for the respondent.

DAWSON, *Judge:* Respondent, in his notice of deficiency dated May 25, 1977, determined a deficiency of $101.17 in petitioner's Federal income tax for the year 1975. Actually, the total amount includes an income tax deficiency of $52.35 and an excise tax deficiency[1] of $48.82 on "excess contributions" made to the individual retirement account (IRA) of petitioner Dorothy Collins under the provisions of section 4973, Internal Revenue Code.[2]

At issue are (1) whether the $209.35 contribution made to petitioner's IRA on January 2, 1976, is deductible under section 219(a)(1) in determining her taxable income for 1975; and (2)

---

[1] Respondent incorrectly characterized the entire $101.17 as an income tax in his notice of deficiency. Only $52.35 represents the income tax deficiency. The remainder ($48.82) is an excise tax deficiency. See sec. 6211(a)(1), I.R.C. 1954, as amended, for the definition of a deficiency.

[2] All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1975, unless otherwise indicated.

whether petitioner is liable for the excise tax of $48.82 imposed on excess contributions by section 4973.

### FINDINGS OF FACT

Most of the facts are stipulated and are so found. Petitioners resided in Nashville, Tenn., when they filed their petition in this case. They filed their joint Federal income tax return for the year 1975 with the Internal Revenue Service Center at Memphis, Tenn.

On March 12, 1975, Dorothy Collins (petitioner) established an IRA with Fidelity Federal Savings & Loan Association in Nashville. On the same day she deposited $500 to that account.

During the year 1975, as reported on their Federal income tax return, petitioner earned $4,729.03. She was employed during that year as a beauty operator by a beauty salon in Nashville and was compensated on a commission basis. Fifteen percent of the amount earned by petitioner, which is the maximum amount of the allowable contribution to her IRA, was $709.35 for the year 1975.

As of December 31, 1975, petitioner had only contributed the $500 to her IRA. On January 2, 1976, $710 was deposited to her IRA, of which $209.35 was treated as a contribution to her IRA for the year ended December 31, 1975.

On their 1975 Federal income tax return the petitioners claimed a deduction under section 219(a)(1) for a contribution to petitioner's IRA in the amount of $709.35, consisting of the $500 deposited on March 12, 1975, and the $209.35 deposited on January 2, 1976. Respondent disallowed the $209.35 portion of the claimed deduction and determined an income tax deficiency which included the excise tax under section 4973.

### OPINION

Section 219(a)(1), as it was in effect during 1975, provided as follows:

SEC. 219. RETIREMENT SAVINGS.

(a) DEDUCTION ALLOWED.—In the case of an individual, there is allowed as a deduction amounts *paid* in cash *during the taxable year* by or on behalf of such individual for his benefit—

(1) to an individual retirement account described in section 408(a), [Emphasis supplied.]

Respondent's position is that the emphasized words "paid

* * * during the taxable year" mean that the contribution to an IRA for 1975 must have been paid on or before December 31, 1975, in order to qualify for deduction under section 219(a). Petitioner urges that the amount of her compensation for 1975, which is the key to determining the maximum allowable contribution to her IRA for that year, could not be known until after December 31, 1975, and from this she argues that the contribution made only 2 days after the close of the year should be allowed by taking a commonsense approach to the construction of the statute.

We think respondent is correct and must be sustained. Giving the words of the statute their plain and recognized meaning, as we must do here, the mandate of the statute requires that the contribution to petitioner's IRA to have been made before the end of the year, i.e., on or before December 31, 1975.

To correct the defect in the statute, section 219 was amended by section 1501 of Public Law 94-455, 90 Stat. 1734 (1976), for taxable years beginning after December 31, 1976, to add a specific provision as to the time when contributions are deemed to have been made. New section 219(c)(3) reads as follows:

(3) TIME WHEN CONTRIBUTIONS DEEMED MADE.—For purposes of this section, a taxpayer shall be deemed to have made a contribution on the last day of the preceding taxable year if the contribution is made on account of such taxable year and is made not later than 45 days after the end of such taxable year.

The amendatory provision (which would permit the deduction here disallowed by respondent) is not discussed in the committee reports. However, the reasonable inference to be drawn is that Congress thought the amendment was necessary to cover a post-yearend contribution, such as that made by petitioner in this case. Congress obviously chose not to make the amendment retroactive. If the construction of the statute sought by petitioners here had been the correct one, it would not have been necessary to add paragraph (3) to section 219(c). Accordingly, we sustain respondent's determination with respect to the income tax deficiency of $52.35.

We reject respondent's determination of the excise tax deficiency of $48.82. Here there was no "excess contribution" made by the petitioner in 1975. She was entitled to make cash contributions in that year totaling $709.35, i.e., 15 percent of the compensation includable in her gross income for that year. But she only made cash contributions of $500 in 1975. Only if her

cash contributions exceeded $709.35 would she have made an "excess contribution" as that term is defined in section 4973(b)(1).

This situation is distinguishable from *Orzechowski v. Commissioner*, 69 T.C. 750, 754–757 (1978), where the taxpayer made a cash contribution of $1,500 to an IRA in 1975 when he was not eligible to create an IRA because he was already an active participant in a qualified pension plan under section 401(a) for that taxable year. Since Orzechowski was not entitled to make any cash contribution to an IRA in 1975, the entire $1,500 was treated as an "excess contribution" under section 4973. By contrast, this petitioner underpaid in 1975 the contributions she was entitled to make. She just erroneously claimed a deduction under section 219(a)(1) of $209.35 which was not paid in 1975, as the statute then required. Thus, we hold that petitioner is not liable for the excise tax imposed by section 4973.

*Decision will be entered in accordance with this opinion.*