BART H. JOHNSON, JR., AND JIMMIE RUTH JOHNSON, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10348–78.     Filed August 12, 1980.

Bart H. Johnson, Jr., pro se.
*Juan F. Vasquez,* for the respondent.

---

[3]See sec. 1.401–4(a)(1)(i), Income Tax Regs.; Rev. Rul. 76–250, 1976–2 C.B. 124, Rev. Rul. 79–348, 1979–2 C.B. 161.

OPINION

CHABOT, *Judge:* Respondent determined deficiencies in Federal excise tax[1] under section 4973[2] against petitioners in the amount of $90 for each of the years 1975 and 1976. The issue for decision is the taxability under section 4973(a) of petitioner-husband's contribution to an individual retirement account.

All of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference.

When the petition in this case was filed, petitioners Bart H. Johnson, Jr. (hereinafter sometimes referred to as Johnson), and Jimmie Ruth Johnson, husband and wife, resided in Texas.

Before March 15, 1975, Johnson had been employed by Mobil Oil Corp. (hereinafter referred to as Mobil) for about 13 years. While employed by Mobil, Johnson was an active participant in Mobil's Employees Profit Sharing Plan (hereinafter referred to as the Mobil Plan). The Mobil Plan was a tax-qualified plan under section 401(a); Johnson's participation in this plan ended on March 14, 1975, the date he terminated his employment with Mobil.

Immediately upon leaving Mobil, Johnson began working for Williams Bros. Engineering Co. (hereinafter referred to as Williams), where he found that he would not be covered by Williams' Employees Profit Sharing Plan (hereinafter referred to as the Williams Plan) until he had been employed by Williams for 1 year.

On December 22, 1975, Johnson opened an individual retirement account (hereinafter referred to as the IRA), within the meaning of section 408, at San Jacinto Savings Association in Houston, and contributed $1,500 to the IRA. On April 1, 1976, after having completed 1 year with Williams, Johnson became an active participant in the Williams Plan, a tax-qualified plan under section 401(a). On November 3, 1977, the IRA was closed and the funds were transferred into a regular certificate of deposit.

Petitioners did not claim a deduction on account of the $1,500

---

[1] The notice of deficiency describes the asserted deficiencies as being in "income tax"; however, the schedules attached to the notice correctly describe the asserted deficiencies as being in excise tax. For another aspect of this same terminology problem appearing in notices of deficiency with respect to the excise tax under sec. 4973, see *Collins v. Commissioner,* 70 T.C. 785 n. 1 (1978).

[2] Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.

contribution made to the IRA on December 22, 1975, on either their 1975 or 1976 Federal income tax returns. Petitioners included on their 1976 Federal income tax return the $119.86 of interest earned by the IRA. No interest was earned by the IRA during 1975.

Petitioners argue that the excise tax under section 4973 should not be imposed on them (1) for 1975, because they took no income tax deduction for the 1975 contribution and (2) for 1976, because they included in their 1976 income the interest earned by the IRA. Respondent argues that because Johnson made an excess contribution to the IRA in 1975 and did not remove it until 1977, the excise tax under section 4973 applies to both 1975 and 1976. We agree with respondent as to imposition of the excise tax on Johnson.

Section 4973(a)[3] imposes an excise tax in an amount equal to 6 percent of excess contributions to an IRA. Section 4973(b)[4]

---

[3]SEC. 4973. TAX ON EXCESS CONTRIBUTIONS TO INDIVIDUAL RETIREMENT ACCOUNTS, CERTAIN SECTION 403(b) CONTRACTS, CERTAIN INDIVIDUAL RETIREMENT ANNUITIES, AND CERTAIN RETIREMENT BONDS.
  (a) TAX IMPOSED.—In the case of—
    (1) an individual retirement account (within the meaning of section 408(a)),

\*        \*        \*        \*        \*        \*        \*

established for the benefit of any individual, there is imposed for each taxable year a tax in an amount equal to 6 percent of the amount of the excess contributions to such individual's accounts * * * (determined as of the close of the taxable year). * * * The tax imposed by this subsection shall be paid by such individual.
The subsequent amendments of this provision (by secs. 1501(b)(8)(A) and 1904(a)(22)(a), Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1736, 1814) do not affect the instant case.
[4]SEC. 4973. TAX ON EXCESS CONTRIBUTIONS TO INDIVIDUAL RETIREMENT ACCOUNTS, CERTAIN SECTION 403(b) CONTRACTS, CERTAIN INDIVIDUAL RETIREMENT ANNUITIES, AND CERTAIN RETIREMENT BONDS.
  (b) EXCESS CONTRIBUTIONS.—For purposes of this section, in the case of individual retirement accounts, individual retirement annuities, or bonds, the term "excess contributions" means the sum of—
    (1) the excess (if any) of—
      (A) the amount contributed for the taxable year to the accounts or for the annuities or bonds (other than a rollover contribution described in section 402(a)(5), 403(a)(4), 408(d)(3), or 409(b)(3)(C)), over
      (B) the amount allowable as a deduction under section 219 for such contributions, and
    (2) the amount determined under this subsection for the preceding taxable year, reduced by the excess (if any) of the maximum amount allowable as a deduction under section 219 for the taxable year over the amount contributed to the accounts or for the annuities or bonds for the taxable year and reduced by the sum of the distributions out of the account (for all prior taxable years) which were included in the gross income of the payee under section 408(d)(1). For purposes of this paragraph, any contribution which is distributed out of the individual retirement account, individual retirement annuity, or bond in a distribution to which section 408(d)(4) applies shall be treated as an amount not contributed.
The subsequent amendments of this provision (by sec. 1501(b)(8)(B) and (C), Tax Reform Act

defines "excess contributions," for purposes of the instant case, as the sum of (1) the excess of the amount contributed to the IRA for the taxable year over the amount allowable as a deduction under section 219, and (2) the amount determined under section 4973(b) for the preceding taxable year.

On December 22, 1975, Johnson established the IRA and made a $1,500 contribution to it that remained therein until 1977. During the first 2½ months of 1975 and the last 9 months of 1976, Johnson was an active participant in a qualified retirement plan. Under section 219,[5] Johnson was ineligible to make deductible contributions to the IRA for either year. *Orzechowski v. Commissioner*, 592 F.2d 677, 678 (2d Cir. 1979), affg. 69 T.C. 750, 753 (1978); *Guest v. Commissioner*, 72 T.C. 768, 771–772 (1979). Thus, the entire $1,500 contribution was in excess of the amount deductible for 1975, and, under section 4973(b)(1), constituted an "excess contribution" for 1975. *Orzechowski v. Commissioner*, 69 T.C. at 756. The making of this excess contribution did not cause a disqualification of the IRA, but under section 4973, the 6-percent excise tax is clearly applicable to the $1,500 excess contribution for 1975. *Orzechowski v. Commissioner, supra; Guest v. Commissioner, supra.*

For 1976, the calculation is a bit more complicated, but the result is the same—$1,500 of excess contribution. The introductory language of section 4973(b) defines "excess contribution" as the sum of the amount determined under paragraph (1) and the amount determined under paragraph (2). For 1976 no amounts were actually contributed to the IRA, so the amount determined

---

of 1976, Pub. L. 94–455, 90 Stat. 1736; by secs. 156(c)(3), 157(b)(3), 157(j)(1), and 701(aa)(1), Revenue Act of 1978, Pub. L. 95–600, 92 Stat. 2803, 2804–2805, 2809, 2921; and by sec. 101(a)(14)(B), Technical Corrections Act of 1979, Pub. L. 96–222, 94 Stat. 204) do not affect the instant case.

[5]Section 219 provides, in pertinent part, as follows:

SEC. 219. RETIREMENT SAVINGS.

(a) DEDUCTION ALLOWED.—In the case of an individual, there is allowed as a deduction amounts paid in cash during the taxable year by or on behalf of such individual for his benefit—

(1) to an individual retirement account described in section 408(a),

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) LIMITATIONS AND RESTRICTIONS.—

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(2) COVERED BY CERTAIN OTHER PLANS.—No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year—

(A) he was an active participant in—

(i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a).

The subsequent amendment of this provision (by sec. 1501(b)(4)(A), Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1736) does not affect the instant case.

under paragraph (1) of section 4973(b) is zero. Johnson's difficulty arises under paragraph (2) of section 4973(b). In general, the amount determined under paragraph (2) for a taxable year (here, 1976) is (A), the amount of the excess contribution for the preceding taxable year, minus (B), the amount by which the maximum allowable deduction for the taxable year exceeds the contribution for the taxable year, and minus (C), the amount of the taxed distributions from the IRA. Since no deduction was allowable for 1976 (because Johnson was an active participant in the Williams Plan beginning April 1, 1976), and the only distribution from the IRA was made in 1977, the amount determined under paragraph (2) is (A) $1,500 minus (B) zero and minus (C) zero, or $1,500. Since the excess contribution is the amount determined under paragraph (1) (zero) plus the amount determined under paragraph (2) ($1,500), Johnson's excess contribution for 1976 is $1,500.

The fact that petitioners took no deduction for Johnson's 1975 contribution in 1975 or 1976[6] does not place petitioners in any better position, as to the excise tax, than they would have been if they had taken the deduction and the deduction were then disallowed. Willfulness is not an element in imposition of the excise tax under section 4973. See *Orzechowski v. Commissioner*, 69 T.C. at 756–757.

Similarly, petitioners' decision to include in their 1976 gross income the earnings of the IRA[7] does not affect the section 4973 excise tax. The parties have stipulated that Johnson "opened an individual retirement account within the meaning of section 408 * * * and made a contribution to it of $1,500.00." See *Orzechowski v. Commissioner*, 592 F.2d at 679, 69 T.C. at 756. Petitioners' decision to treat the IRA "as a normal savings account" came too late—in light of the stipulated facts in the instant case—to avoid the section 4973 excise tax.

We hold that Johnson is liable for the asserted excise taxes under section 4973 for 1975 and 1976.

---

[6] Whether Johnson's 1975 contribution to the IRA could have given rise to a deduction for a later year—see pars. (1) and (4) of sec. 157(b), Revenue Act of 1978, Pub. L. 95–600, 92 Stat. 2803–2805—is a question we need not resolve because petitioners' income tax liabilities are not before the Court in the instant case.

[7] Sec. 408(e)(1) provides that IRAs are exempt from income tax, with specified exceptions that do not appear to apply to the instant case. Sec. 408(d) provides rules for treatment of IRA distributions (also see sec. 157(c), Revenue Act of 1978, Pub. L. 95–600, 92 Stat. 2805), but no distributions were made from Johnson's IRA before 1977. In any event, petitioners' income tax liabilities are not before the Court in the instant case.

It appears that the notice of deficiency addressed to petitioners may be understood as asserting joint liabilities for the excise tax deficiencies. (See n.1 *supra*.) Since it is not clear that such liabilities lie against petitioner-wife (compare the last sentence of section 4973(a), as in effect for 1975 and 1976 (see n.3 *supra*), with so much of section 6013(a) as precedes paragraph (1) thereof and with section 1.6017–1(b)(2), Income Tax Regs.), any question as to such liabilities is to be resolved in proceedings under Rule 155. See *Guest v. Commissioner*, 72 T.C. at 779–780.

*Decision will be entered under Rule 155.*