GORDON R. AND MARY E. CAVANA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cavana v. Commissioner
Docket Nos. 4540-78, 782-79.
United States Tax Court
T.C. Memo 1980-364; 1980 Tax Ct. Memo LEXIS 222; 40 T.C.M. (CCH) 1169; T.C.M. (RIA) 80364; September 9, 1980, Filed Gordon R. Cavana, pro se. Peter D. Bakutes, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION
*223 DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income taxes for 1975 and 1976 in the respective amounts of $636.10 and $980 and also determined an excise tax deficiency for the year 1976 in the amount of $30. [3] The issues are (1) whether petitioner Gordon R. Cavana is entitled to deductions of $1,500 and $500 under section 219 for contributions to an individual retirement account (IRA) in the respective *224 years 1975 and 1976; and (2) whether petitioner is liable for an excise tax under section 4973(a) in 1976 for excess contributions to an IRA. FINDINGS OF FACT The facts have been substantially stipulated and they are found accordingly. Petitioner filed joint income tax returns for the years 1975 and 1976 with the Internal Revenue Service Center in Fresno, California. Petitioners were residents of Berkeley, California at the time the petitions in these cases were filed. In 1975 and 1976 petitioner was employed full-time as an educational administrator at John F. Kennedy University in Orinda, California. Petitioner was also employed part-time from June 1974 to February 1976 by the University of California *225 at Berkeley under a grant funded by the National Science Foundation. As a part-time employee at the University of California at Berkeley petitioner received gross income in 1975 and 1976 in the respective amounts of $4,807.80 and $1,054.88 and he made contributions of $341.37 and approximately $74.91 in 1975 and 1976, respectively, to the University of California Retirement System. Said contributions were credited to his individual member account with the retirement system. Petitioner terminated his employment with the University of California at Berkeley in February 1976 at which time his 1975 and 1976 contributions to the retirement system were refunded to him. In January 1975 petitioner established an individual retirement account (IRA) and made contributions of $1,500 and $500 to the IRA in 1975 and 1976 respectively. Respondent disallowed deductions claimed by petitioner in 1975 and 1976 for these amounts and also inposed an excise tax of $30 in 1976 under section 4973(a).
OPINION Section 219(b)(2)(A)(iv) provides that no deduction to an IRA will be allowable for a taxable year to any individual who was "an active participant" in a qualified pension plan "for any part *226 of such year." Here, the record clearly shows that petitioner was an active participant in a qualified plan in both 1975 and 1976. With respect to 1976 it suffices that he was an active participant in a qualified plan until February of that year and it is immaterial that petitioner then terminated his parttime employment and obtained a refund of his pension fund contribution. Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677 (2nd Cir. 1979). While we are not unsympathetic to petitioner's contention that the statute as enacted is unfair to him ("I feel that I was caught by a technicality in the law not considered by Congress.."), we cannot depart from the unambiguous language of the statute. We must therefore conclude that petitioner is not entitled to deduct the IRA contributions made in 1975 and 1976. Since, as we have concluded, petitioner is not entitled to the deductions in issue, the IRA contributions during the period here relevant are deemed excess contributions under the provisions of section 4973(b). Orzechowski v. Commissioner,supra. Under these facts the 6 percent excise tax is clearly applicable. *227 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. The original notice of deficiency for 1976 showed a determination of income tax deficiency of $1,376.70 (incorrectly including the amount of $116.70 which represented an excise tax deficiency). In a "voluntary supplemental report" the respondent reduced the 1976 income tax deficiency to $1,010 (again incorrectly including in said total the amount of $30 which represented an excise tax deficiency). See Collins v. Commissioner,70 T.C. 785↩, n.1 (1978).