ABRAHAM GOLDMAN and PEARL GOLDMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goldman v. Commissioner
Docket No. 2154-80.
United States Tax Court
T.C. Memo 1981-223; 1981 Tax Ct. Memo LEXIS 525; 41 T.C.M. (CCH) 1435; T.C.M. (RIA) 81223; May 4, 1981. Abraham Goldman, pro se. Susan G. Lewis, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: Respondent determined a deficiency in petitioners' *528 Federal income tax for the year 1975 in the amount of $ 330.10 and an excise tax liability for each of the years 1975, 1976, and 1977 in the amount of $ 90. The only issues for decision are: (1) Whether petitioners are entitled to a deduction in the amount of $ 1,500 for a contribution to an individual retirement account (IRA), for the taxable year 1975, under section 219; and (2) whether petitioners are liable for an excise tax imposed in the amount of six percent of that contribution (i.e., $ 90), for each of the years 1975, 1976, and 1977, under section 4973. FINDINGS OF FACT Most of the facts in this case were stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners filed timely Federal joint income tax returns for the years in issue. At the time the petition herein was filed, they resided in Kendall Park, New Jersey. During the year 1975, petitioner Abraham Goldman (hereinafter referred to as petitioner) established an individual retirement account (IRA) at Franklin State Bank and made a timely contribution to it in the amount of $ 1,500. Subsequently, in November 1975, he became a participant in his *529 employer's retirement plan, which met the requirements of section 401(a). By December 31, 1975, petitioner had accrued, under the retirement plan, annual benefits payable on his retirement at age 65 in the amount of $ 50.38. Petitioner, however, would not have a nonforfeitable right to those benefits until he completed another eight years of service with his employer. Petitioner remained a participant in his employer's qualified pension plan, at least until the time of the trial of the instant case. On his 1975 Federal income tax return, petitioner claimed a deduction for the contribution that he made to the IRA during that year in the amount of $ 1,500. Petitioner left that $ 1,500 in his IRA during 1976 and 1977. Respondent disallowed the deduction claimed for the contribution to the IRA in 1975. In addition, he imposed an excise tax liability in the amount of $ 90 for each of the years 1975, 1976, and 1977, under section 4973. OPINION It is respondent's position that, in 1975, petitioner was enrolled in a pension plan meeting the requirements of section 401 and was, accordingly, not entitled to a deduction for amounts paid to an IRA, under section 219. In general, *530 section 219(a) allows a deduction for cash contributions made to an IRA. Section 219(b)(2)(A)(i), however, disallows that deduction in the case of an individual for a taxable year in which he was an active participant in a plan described in section 401(a) for any part of that year. An individual is an active participant in a plan if he is accruing benefits under the plan, even if he has only forfeitable rights to those benefits. See Orzechowski v. Commissioner, 69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979), in which the legislative history of section 219(b)(2)(A)(i) is reviewed and analyzed. Petitioner claims that, when he attempted to determine his eligibility to establish an IRA and to claim a deduction for his contribution to it in the year 1975, Franklin State Bank, his employer, and the Internal Revenue Service informed him that he was eligible. Statements made by the bank and by petitioner's employer, of course, do not control the law of Federal taxation. As previously noted, section 219(b)(2) very clearly provides that no deduction is allowable to an individual, if for any part of the taxable year he was an active participant *531 in a qualified pension plan. [3] The statements of respondent's agents do not prevent him from correcting erroneous advice and applying the law as it should be applied. Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 183 (1957); Fortugno v. Commissioner, 41 T.C. 316, 323-324 (1963), affd. 353 F.2d 429 (3d Cir. 1965); sec. 601.201(k)(2), Income Tax Regs.
The facts show that petitioner was an active participant for part of the year in the qualified pension plan established by his employer. He was, therefore, not entitled to a deduction for the contribution made to the IRA in 1975, under section 219. Petitioner contends that he is not liable for the excise taxes imposed, under section 4973, for several reasons: (1) "There were no rulings" published, in 1975, "to govern interpretation of the law;" (2) there was no IRA created; (3) Congress intended, by enacting section 157(c)(2) of the Revenue Act of 1978, "to correct these *532 punitive penalties and refund these amounts to the taxpayers;" and (4) he received erroneous advice, as to whether he was liable for the excise tax just as he had received such advice as to whether his contributions to the IRA were deductible, under section 219. Finally, solely with respect to the years 1976 and 1977, petitioner contends that he is not liable for the excise tax because he made no contributions to an IRA during those years. Section 2002(d) of the Employee Retirement Income Security Act of 1974, Pub. L. 93-406, 88 Stat. 829, added section 4973 to the Code. Although there may have been no rulings, in 1975, concerning the interpretation of section 4973, the general intent of the section was clearly reflected in its legislative history, which, in pertinent part, states: In general, where contributions in excess of the deductible limits are made to an individual retirement account, no deduction is allowed for the excess amount, and this amount will be subject to a 6 percent tax for the year in which it is made, and each year thereafter, until there is no excess * * * [Conf. Rept. No. 93-1280, 93d Cong., 2d Sess. (1974), 1974-3 C.B. 415, 501.] [4]
*533 Petitioner bases his contention that no IRA was ever created on the fact that the $ 1,500 which he "tried to contribute to an IRA will be added back to [his] 1975 taxable income," under section 219. Suffice it to say that section 219(b)(2)(A)(i) only precludes the deductiility of a contribution made by an individual to an IRA for a year in which he was an active participant in a qualified pension plan; it does not convert the establishment of an IRA during such year into a nullity. Orzechowski v. Commissioner, 69 T.C. 750, 755 (1978), affd. 592 F.2d 677 (2d Cir. 1979). [5]
Section 157(c)(2) of the Revenue Act of 1978 merely provides both an effective date and a transitional rule for the application of section 157(c)(1) of that Act which added a new section 408(d)(5) to the Code. Section 408(d)(5) applies in the case of certain types of distributions from IRA's. Section 408(d)(1) provides that, in general, distributions from an IRA are includable in the gross income of the recipient. Under section 408(d)(4), however, if, in certain circumstances, a distriution is *534 made, before the date for filing the individual's tax return, of the amount by which a contribution exceeds the amount allowable as a deduction under section 219, then section 408(d)(1) is not applicable. Section 408(d)(5) provides that, in certain circumstances, an individual may withdraw the amount by which a contribution exceeds the amount allowable as a deduction under section 219 after the date prescribed for filing his return, without being required to include such amount in his gross income. Since petitioner received no distributions from his IRA in 1976 and 1977, section 157(c)(2) of the Revenue Act of 1978 is not applicable in the instant case. Section 4973(a)(1) imposes an excise tax of six percent on "excess contributions" to an IRA. Since petitioner is not entitled to a deduction for the year 1975, under section 219, his entire $ 1,500 contribution made to the IRA was in excess of the amount deductible and constitutes an excess contribution for the year 1975, under section 4973(b)(1). Orzechowski v. Commissioner, supra at 756. Accordingly, petitioner is liable for the excise tax imposed in the amount of $ 90 for the year 1975 under section 4973. *535 The calculations required to compute the amount of petitioner's excess contributions are a "bit more complicated" for his 1976 and 1977 taxable years than those required for his 1975 taxable year. Johnson v. Commissioner, 74 T.C. 1057, 1060 (1980). In the Johnson case, this Court explained those required computations, as follows (at 1060-1061): The introductory language of section 4973(b) defines "excess contribution" as the sum of the amount determined under paragraph (1) and the amount determined under paragraph (2). * * * In general, the amount determined under paragraph (2) for a taxable year * * * is (A), the amount of the excess contribution for the preceding taxable year, minus (B), the amount by which the maximum allowable deduction for the taxable year exceeds the contribution for the taxable year, and minus (C), the amount of the taxed distributions from the IRA. * * * The amount determined under paragraph (1) of section 4973(b) is the amount by which contributions, other than rollover contributions, for the taxable year exceed the amount allowable as a deduction, under section 219, for those contributions. Since petitioner made no contributions *536 to an IRA during 1976 and 1977, the amount determined under paragraph (1) of section 4973(b) is zero, for both of those years. Petitioner's maximum allowable deduction, under section 219, for both 1976 and 1977 was zero, since petitioner remained an active participant in his employer's qualified retirement plan. No distributions were made by the plan in either year. Consequently, the amount determined, for petitioner's 1976 taxable year, under paragraph (2) of section 4973(b), is (A) $ 1,500, his excess contribution for 1975, minus (B) zero, the excess of the maximum allowable deduction over his contribution for 1976, and minus (C) zero, taxed distributions from the IRA, or $ 1,500. Adding the amounts determined under paragraph (1) and paragraph (2), petitioner's excess contribution is $ 1,500, for the year 1976. For the year 1977, the calculations are precisely the same, resulting in an excess contribution of $ 1,500. In accordance with the above, we conclude that petitioner is liable for the excise taxes asserted for each of the years 1976 and 1977 in the amount of $ 90, under section 4973. [6]
*537 Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. See Johnson v. Commissioner, 620 F.2d 153 (7th Cir. 1980), in which the Court, in a percuriam↩ decision, noted, "the clear language of the statute denies the deduction."
4. See also H. Rept. No. 93-779 (1974), 1974-3 C.B. 244↩, 368.
5. See also Andalman v. Commissioner, T.C. Memo. 1980-276↩.
6. The notice of deficiency issued to petitioners appears to assert joint liability with respect to the excise taxes. It is unclear whether petitioner-wife is liable for such taxes under section 4973(a), as in effect for 1975 and 1976. Johnson v. Commissioner, 74 T.C. 1057, 1062 (1980); Guest v. Commissioner, 72 T.C. 768, 779-780↩ (1979). The correct amount of liabilities shall be determined in proceedings under Rule 155.