LARRY MONTGOMERY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Montgomery v. Commissioner
Docket No. 9230-80.
United States Tax Court
T.C. Memo 1981-718; 1981 Tax Ct. Memo LEXIS 24; 43 T.C.M. (CCH) 132; T.C.M. (RIA) 81718; December 21, 1981. Larry Montgomery, pro se. Edith E. Siler, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Lee M. Galloway, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *26 OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Respondent, in his notice of deficiency dated May 8, 1980, determined deficiencies of $ 1,758.74 and $ 2,043.08, respectively, in petitioner's [3] 1976 and 1977 Federal income tax and additions to tax for those same years in the amounts of $ 2,247.37 and $ 1,021.54 pursuant to section 6653(b). Actually, the 1976 and 1977 income tax deficiencies determined by respondent, include income tax deficiencies of $ 1,678.27 and $ 1,955 plus excise tax deficiencies [4] pursuant to section 4973(a) of $ 80.47 and $ 88.08 for the respective years in issue. *27 The issues for decision for the years 1976 and 1977 are (1) whether petitioner is entitled to itemized deductions in excess of the amounts allowed by respondent; (2) whether petitioner is entitled to a child care credit claimed of $ 208; (3) whether petitioner is entitled to deductions under section 219 for payments made to individual retirement accounts (IRAs); (4) whether petitioner is liable for the six percent excise tax pursuant to section 4973(a) for excess contributions to two IRAs; and (5) whether petitioner is liable for additions to tax for fraud under section 6653(b). FINDINGS OF FACT Petitioner, Larry Montgomery, resided in Chicago, Illinois at the time he filed his petition herein. Petitioner and his wife, Joan, filed joint Federal income tax returns for the years 1976 and 1977. During 1976 and 1977, petitioner was employed by General Foods Corporation and his wife, Joan, was employed by the Cook County Hospital. Both petitioner and Joan were issued W-2 Forms by their respective employers. These forms, which reported the employees' wages earned and income tax withheld, were attached to petitioner's 1976 and 1977 income tax returns. Item 5 of the W-2 Forms *28 contains the following question, "Was employee covered by a qualified pension plan, etc.?" On petitioner's W-2 Forms, the word "Yes" was typed. On Joan's W-2 Forms, the entry was blank. On the "Adjustments To Income" portion of the 1976 and 1977 tax returns, petitioner claimed deductions of $ 1,341.24 and $ 1,468, respectively, for "Payments to an individual retirement arrangement from attached Form 5329, Part III." these deductions were based on petitioner's and Joan's wages and were calculated as follows from page 2, Part III of Form 5329 (Computation of Allowable Deduction): Year
15% of Wages
Amount Paid
1976
Petitioner
$ 1,500.00
Petitioner
$ 595.40
Joan
1,321.80
Joan
745.84
$ 1,341.24
Total
1977
Petitioner
$ 1,500.00
Petitioner
$ 640.00
Joan
1,376.00
Joan
828.00
Total
$ 1,468.00
Attached to the 1976 return were copies of Form 5498 [5] allegedly prepared by General Foods Corporation and Cook County Hospital. These forms were not attached to the 1977 return. There were no individual retirement accounts (IRA's) opened by or on behalf of petitioner and Joan during 1976 and 1977. *29 OPINION Respondent disallowed the following itemized deductions claimed on petitioner's tax returns: Claimed
Disallowed
1976
1977
1976
1977
Interest
$ 2,010.95
$ 3,275.20
$ 42.22
$ 746.45
Taxes
4,457.37
4,430.47
3,286.23
2,866.11
Casualty Loss
1,150.00
500.00
1,150.00
500.00
Attorney Fees
200.00
200.00
Miscellaneous
674.79
395.79
Contributions
506.00
274.00
Deductions are a matter of legislative grace, and the taxpayer has the burden of proof and must establish that he is entitled to the deductions claimed. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. The same rule of substantiation applies to credits claimed.Here, except for his uncorroborated testimony, petitioner furnished no evidence to support the deductions (or credit) claimed in excess of those substantiated and allowed by respondent. Since petitioner has not carried his burden with respect to substantiating the deductions (or credit) disallowed, we must sustain respondent on this record. On *30 the 1976 and 1977 returns filed by Larry and Joan, they claimed adjustments to, or deductions from, income for payments to individual retirement accounts in the amounts of $ 1,341.24 and $ 1,468, respectively. Respondent disallowed both adjustments in the notice of deficiency on the ground that both taxpayers were participants in qualified pension plans and did not incur, nor pay, such deductions. Section 219(a) provides for a deduction for amounts paid in cash to an IRA described in section 408. Section 219(b)(1), bars a deduction to a taxpayer who is an active participant in a qualified pension, profit-sharing or stock bonus plan during the taxable year. On signed Forms 5329 attached to the 1976 and 1977 returns, both petitioner and Joan indicated that they had individual retirement accounts but that neither of them were participants in pension, profit-sharing, or stock bonus plans. The evidence in the record is confusing but to the contrary. The W-2 Forms prepared for Joan by her employer left blank the box asking whether she was covered by a pension plan for both 1976 and 1977. The Form 5498 attached to the 1976 return indicated that Joan contributed $ 28.69 biweekly *31 to an individual retirement account; no Form 5498 for Joan was attached to the 1977 return. Petitioner testified that Joan was covered by a pension plan in 1976 and respondent's witness, who is the director of the Cook County Employees Retirement Fund, testified that Joan was covered by the Cook County pension fund for both 1976 and 1977. Respondent's witness also testified that Cook County Hospital made no payroll deductions for payments to an individual retirement account for Joan in either 1976 or 1977. The W-2 Forms prepared for Larry by his employer indicated that he was covered by a pension plan in both 1976 and 1977; Larry testified that he was covered by a "qualified retirement plan through his employer" for both 1976 and 1977. Respondent's witness, who is the associate personnel manager of General Foods Corporation, testified that Larry was covered by the General Foods pension plans for both 1976 and 1977. The Form 5498 attached to the 1976 return indicated that Larry contributed $ 11.45 weekly to an individual retirement account; no Form 5498 for Larry was attached to the 1977 return. Respondent's witness from General Foods testified that General Foods did not issue *32 the Form 5498 attached to the return and did not issue such forms to any employees. Petitioner testified tht he did not know where the Forms 5498 attached to the 1976 return came from.The amounts shown on those forms do not support the deduction claimed on the 1976 return for payments to individual retirement accounts. It seems clear from the evidence that both Larry and Joan were covered by qualified pension plans for both 1976 and 1977 and consequently would not be allowed a deduction for payments to individual retirement accounts.Respondent's determination disallowing the deductions must be sustained. Petitioner has also failed to prove that he and Joan actually made any payments to individual retirement accounts in either 1976 or 1977. Petitioner claims payments were made by payroll deductions--the representatives of both employers testified that no such deductions were made. Petitioner did not appear to recognize the difference between qualified pension plans and individual retirement accounts, and it may be that petitioner believed that because the employers were deducting amounts for contributions to the pension plans these amounts qualified as payments to individual retirement *33 accounts. We will give petitioner the benefit of the doubt on this point. In any event, it is clear that petitioner is not entitled to the deduction. Section 4973(a) imposes an excise tax of six percent for a contribution to an IRA which is an excess contribution within the meaning of section 4973(b). Respondent added an excise tax to the deficiency in tax in the amount of six percent of the amounts claimed on the returns for each year as payments to IRAs. Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F.2d 677 (id Cir. 1977); Miller v. Commissioner, 77 T.C. 97 (1981). Since we have found that petitioners did not actually make any contributions to IRAs in either 1976 or 1977, the excise tax is not applicable. We find for petitioner on this issue. Finally, respondent has determined an addition to tax for fraud for both 1976 and 1977. Section 6653(b) provides that "[i]f any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment." Respondent admits that he has the burden of proof on this issue and must *34 establish fraud on the part of the taxpayer by "clear and convincing proof." See Estate of Upshaw v. Commissioner, 416 F.2d 737, 741 (7th Cir. 1969), affg. T.C. Memo. 1968-123. Respondent, on brief, argues that the addition to tax for fraud should be imposed because the deductions on petitioner's and his wife's 1976 and 1977 returns for payments made to IRA accounts were fraudulently claimed. To sustain his burden, respondent relies primarily on the Forms 5329 attached to both returns and signed by petitioner and his wife, the Forms 5498 attached to the 1976 return, and the testimony of petitioner and respondent's two witnesses, the associate personnel manager of General Foods Corporation and the director of the Cook County Employees' Retirement Fund. Upon careful consideration of the entire record herein, we conclude that respondent has not proved by clear and convincing evidence that the underpayment in petitioner's 1976 and 1977 tax returns was due to fraud on the part of petitioner. It is clear from the testimony of respondent's witnesses that, aside from pension or profit-sharing funds established for the benefit of employees neither petitioner's *35 nor Joan's employer maintained additional accounts which were funded by additional withholding from the employees' wages. We see no need to review in detail petitioner's weak, confused, and conflicting testimony with respect to how he calculated the deductions and the basis for claiming the deductions. It appears that petitioner does not know the difference between the terms retirement plan, IRA plan, pension plan, or profit-sharing plan even after explanation by respondent's two witnesses and the Court. Nor is it clear in petitioner's mind the various retirement plans available to employees through General Foods Corporation and Cook County Hospital. Petitioner stated that he had no intent to reduce his tax liability contrary to law when filing his returns and its attachments. We are inclined to agree, and hold that respondent has not sustained his burden of proving, under the facts and circumstances of this case, that petitioner fraudulently understated his tax by improperly claiming IRA deductions on his 1976 and 1977 tax returns. SeeOrzechowski v. Commissioner, supra at 761, in which Judge Dawson, commenting on the clarity of the IRA provisions, stated *36 in his dissenting opinion, "But to an ordinary, low or middle income taxpayer who is not covered by a qualified pension plan * * * the provisions are complex and the labyrinth of sanctions and penalties is beset with invisible boomerangs." Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. This case was originally processed as a Small Tax Case under section 7463 of the Internal Revenue Code of 1954. However, because one of the issues involves the excise tax under section 4973, which issue does not fall within the ambit of section 7463, the case was removed from the "S" category by Order of the Chief Judge dated June 25, 1981, and assigned to Special Trial Judge Galloway pursuant to Rule 180 of the Tax Court Rules of Practice and Procedure↩ with the proviso that the provisions under Rule 182 of those Rules should not be applicable.
3. Petitioner filed joint Federal income tax returns with his wife Joan Montgomery for the years in issue and the notice of deficiency was addressed to both petitioner and Joan. The petition filed with this Court was not signed by Joan nor did she appear at the trial of this case. ↩
4. Respondent incorrectly designated the total deficiencies as "income tax" deficiencies in his notice of deficiency. However, the computation and explanation schedules attached to the notice correctly describe the asserted deficiencies as partly being in excise tax. SeeJohnson v. Commissioner, 74 T.C. 1057, 1058 n.1 (1980); Collins v. Commissioner, 70 T.C. 785↩ (1978).
5. Form 5498, Copy B, is entitled "Statement of Account For Participants in Individual Retirement Accounts or Annuities" and is "to be filed with Participant's Form 5329." This form described how petitioner's and Joan's 1976 contribution (to IRA) plan deductions were calculated.↩