ARTHUR I. KAUFMANN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kaufmann v. Commissioner
Docket No. 7098-80.
United States Tax Court
T.C. Memo 1982-205; 1982 Tax Ct. Memo LEXIS 538; 43 T.C.M. (CCH) 1105; T.C.M. (RIA) 82205; April 19, 1982. Arthur I. Kaufmann, pro se. Guy G. LaVignera, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Chief Judge: Respondent determined a deficiency in petitioner's 1977 Federal income tax of $ 150. The issue to be decided is the extent to which respondent's prior actions, including the issuance of an earlier notice of deficiency, precludes the determination, assessment, or collection of the deficiency herein. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in New York, N.Y., at the time he filed his petition in this case. On April 25, 1978, petitioner filed a 1977 Federal income tax return with the Internal Revenue Service Center in Holtsville, N.Y.[1] That return disclosed taxable income of $ 25,409.30, *539 tax due on that amount of $ 4,206.60. a credit against tax of $ 32.40 for child and dependent care expenses, an energy credit of $ 117.60, and an offset to the credits of $ 150.00, representing a tax on "an individual retirement arrangement." Thus, petitioner's return reported a total income tax liability of $ 4,206.60. [2]
By letter dated September 4, 1978, petitioner was informed by the Holtsville Service Center that he had miscomputed the tax due on his taxable income. [3] While this miscomputation had caused petitioner to underpay his tax by $ 4.40, the Service Center mistakenly informed petitioner that he had overpaid his tax by $ 145.60. Petitioner was informed that this amount would be refunded to him *540 if he owed no other taxes. However, before that refund was made, an agent at the Holtsville Service Center determined that petitioner's claimed energy credit of $ 117.60 was improper. Petitioner's credit balance was therefore reduced, but it was mistakenly reduced by only $ 117.00. Petitioner's remaining credit balance of $ 28.60 ($ 145.60 - $ 117.00) plus $ 0.61 interest was sent to him by check in September 1978. Petitioner next received a "15-day letter" dated September 18, 1978, signed by the Chief of the Audit Division at the Holtsville Service Center, Mr. John F. Tarrant. Mr. Tarrant informed petitioner of a proposed deficiency in petitioner's 1977 Federal income taxes of $ 263.20 and a balance due of $ 146.20. The deficiency was equal to the initial determined overpayment of $ 145.60 plus $ 117.60, and thus petitioner's $ 4.40 error was overlooked. The "balance due" was equal to the amount of the disallowed energy credit (corrected this time to be $ 117.60) plus the refund already sent to petitioner, i.e., $ 28.60. In accordance *541 with the above, petitioners received a notice of deficiency (notes I) for $ 263.20, dated December 6, 1978. At no time was any petition filed in this Court in respect of notice I. By letter dated February 26, 1979, petitioner wrote to the Holtsville Service Center, complaining that the Service Center's actions had been inconsistent. Petitioner received in response a second letter from Mr. Tarrant of the Audit Division, dated April 18, 1979, but this time Mr. Tarrant overlooked not only petitioner's $ 4.40 computation error but also his IRA rearrangement tax liability of $ 150.00. Since petitioner had received a refund of $ 28.60 and owed an additional $ 122.00 in taxes ($ 4.40 plus $ 117.60), Mr. Tarrant had made an error in petitioner's favor of $ 154.40 (150.00 plus $ 4.40) and in this second letter informed petitioner that he was entitled to a refund of $ 3.80. The "Explanation of Adjustments" attached to the letter ended with the following: "Your case is being closed based on this report. This report is for your records." [4]
*542 Petitioner wrote to Mr. Tarrant, by letter dated May 12, 1979, requesting clarification of Mr. Tarrant's most recent "report." In particular, petitioner wished to know whether he owed additional taxes or was entitled to a refund. He received in response an unsigned letter from the Holtsville Service Center, dated May 28, 1979, explaining that petitioner would receive $ 4.03 ($ 3.80 plus $ 0.23 interest) as an overpayment, to be applied to his 1978 Federal tax liability. Petitioner next received a second "15-day letter" from Mr. Tarrant, dated October 22, 1979. This letter included an accurate recitation of the facts as set forth above, and it informed petitioner that, although there was no deficiency in his 1977 Federal income tax, he did owe $ 150.00 as an excise tax imposed upon a premature IRA distribution. This letter was followed by the notice of deficiency (notice II), dated February 13, 1980, forming the basis of the instant suit, and it indicated no deficiency in petitioner's taxes but rather asserted that petitioner owed a $ 150.00 "Penalty." However, petitioner received a note, dated May 5, 1980, from an N. Krause of the Holtsville Service Center repudiating notice *543 II and the October 22, 1979, letter. Then, by letter dated May 19, 1980, Mr. Tarrant informed petitioner that his return would be "accepted as filed" and that "no change [was] required." OPINION Our findings of fact portray a tragedy of error and inconsistency in respondent's handling of this case, at least in the pre-litigation stage. If such elements could constitute a defense to respondent's determination, petitioner would win hands down, although we are constrained to note that petitioner's attitude, after proceedings commenced in this Court, left something to be desired. But, however frustrating the background may be, we cannot avoid confronting the legal issues involved. First, none of respondent's actions (including statements to the petitioner that his case was considered closed) furnish petitioner with a justification for not paying a tax which he legally owes. Botany Worsted Mills v. United States,278 U.S. 282 (1929); United States v. Bernstein, an unreported opinion E.D.N.Y. 1976, 39 AFTR 2d 77-1115, 77-2 USTC par. 9562). Second, on the basis of the record before us, we are satisfied that petitioner has not paid $ 150.00 of *544 the tax which was due and owing by him for 1977. Indeed, at no time during the trial did petitioner contest the fact that he owed this amount. This figure is arrived at by adding the disallowance of $ 117.00 [5] for the energy credit plus $ 4.40 resulting from a miscomputation of tax plus the $ 28.60 refund in September 1978. Further confirmation of this figure is reflected in the fact that petitioner paid $ 4,206.60 in tax for the year at issue whereas his corrected liability in notice I was $ 4,324.20; the net difference is $ 117.60, to which must be added the $ 28.60 refund plus the $ 4.40 which was ignored in the notice, or a total of $ 150.60 -- this latter figure being reduced to $ 150.00, which was all that respondent claimed in notice II involved in this proceeding. Third, we recognize that the respondent's notice II, which is the subject matter of this proceeding, is based on petitioner's alleged failure to pay the tax on account of the premature withdrawal from the "individual retirement arrangement." The facts of the matter are that this penalty was included *545 in petitioner's return and the amount of tax shown to be due thereon was paid and the $ 150 deficiency in petitioner's tax arises from other items. The foregoing analysis could arguably form the basis for saying that petitioner should prevail. But the record (including specific testimony) clearly reveals that all of the issues involved herein were raised and that petitioner owes $ 150. Certainly if respondent had moved to conform his pleadings to the proof and asserted in his motion the proper grounds for his determination, his motion would have been granted and he would have prevailed even though the burden of proof would have been upon him. Rules 41(b) and 142(a), Tax Court Rules of Practice and Procedure. Under these circumstances, we hold that respondent's determination should be sustained. [6]
Fourth, our determination is conclusive of the total additional *546 amount, exclusive of interest, which petitioner should be required to pay for the taxable year 1977. As a consequence, respondent's notice I falls of its own weight and is merged into our determination herein. In short, respondent may assess only the deficiency determined herein and no more. Finally, we cannot refrain from noting that we are mystified as to why respondent did not make an assessment pursuant to notice I -- a procedure which would have obviated his issuance of notice II and the instant proceeding. Decision will be entered for the respondent.
Footnotes
1. Although petitioner filed a joint Federal tax return, petitioner's wife failed to sign it. The notice of deficiency forming the basis of the instant suit was addressed to petitioner and his wife, but the petition in this case was filed by petitioner alone. All letters written to petitioner and his wife will be referred to as written to petitioner alone. ↩
2. Petitioner's return also reported tax withheld of $ 3,595.41 and a "balance due" of $ 611.19, which was paid.↩
3. Petitioner was obligated to compute his tax by reference to the tax tables but mistakenly used a different method (Schedule TC).↩
4. The letter contained a lengthy computation showing a bottom-line $ 3.80 overpayment. However, it also included a proposed "Waiver of Statutory Notification of Claim Disallowance," which asserted that petitioner had made a claim of $ 117.00 which was disallowed to the extent of $ 113.20. This curious figure ($ 113.20) appears in the detailed (and error-ridden) computation referred to above as petitioner's "deficiency" and has, as best we can determine, no error-free significance.↩
5. The deduction was actually $ 117.60, but since respondent has ignored the 60 cents, we do the same.↩
6. Respondent would be well advised to be more careful in his characterization of the additional tax under section 408. See Johnson v. Commissioner,74 T.C. 1057, 1058 n. 1 (1980), affd. 661 F.2d 53 (5th Cir. 1981); Collins v. Commissioner,70 T.C. 785↩ n. 1 (1978).