PETER CHARLES CUMMINGS and MARGARET JOSEPHINE CUMMINGS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Cummings v. Commissioner
Docket No. 5858-82.
United States Tax Court
T.C. Memo 1984-148; 1984 Tax Ct. Memo LEXIS 526; 47 T.C.M. (CCH) 1359; T.C.M. (RIA) 84148; March 26, 1984. Peter Charles Cummings, pro se. J. Anthony Hoefer, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Lee M. Galloway, pursuant to the provisions of section 7456(c) of the Internal Revenue Code *528 [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedures.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GALLOWAY, Special Trial Judge: Respondent, in his notice of deficiency dated February 25, 1982, determined deficiencies of $269, $409 and $494.93 in petitioners' Federal income taxes for the years 1978, 1979 and 1980, respectively. Actually, the 1978, 1979 and 1980 tax deficiencies determined by respondent include income tax deficiencies of $180, $277 and $314 plus excise tax deficiencies [3] of $89, $132 and $180.93, respectively, pursuant to section 4973(a) for the respective years in issue. The issues for decision are (1) whether petitioners are entitled under section 219 to deduct payments made to an individual retirement account (IRA) while covered by a qualified pension; and (2) whether petitioners *529 are liable for the six percent excise tax imposed by section 4973 on excess contributions to an IRA. FINDINGS OF FACT Some of the facts are stipulated and are so found. Petitioners were residents of Omaha, Nebraska, at the time their petition was filed. Petitioners initially requested that their case be conducted in accordance with the small tax case procedures set forth in section 7463 of the Code. Since one of the issues (excise tax) involves a tax imposed by subtitle D of the Internal Revenue Code of 1954, the case is not in the category of those covered by section 7463 (basically income, estate and gift taxes). [4] Accordingly, this case was ordered removed from the small tax case procedures. See Historic House Museum Corp. v. Commissioner,70 T.C. 12 (1978). *530 During 1978, 1979 and 1980, Peter Cummings (petitioner) was employed by Northwestern Bell Telephone Company (Bell) and was an active participant in the company's qualified pension plan. Petitioner also worked during those years for two other employers where he was not covered by a qualified pension plan. Petitioner made contributions to an IRA based on earnings from other employers during those years. Petitioner deducted his IRA contributions on his Federal income tax returns. Respondent disallowed all the IRA deductions claimed by petitioner based upon section 219 as applicable to the years in issue. Section 219, as applicable to years commencing before December 31, 1981, [5] allows a deduction for a contribution to an IRA described in section 408(a) up to $1,500 per taxable year. However, under section 219(b)(2) an individual is not entitled to a deduction *531 if he is an active participant in a plan described under section 401(a) for any part of such year. For all years in issue petitioner was an active participant in Bell's qualified pension plan. As such, he is not entitled to a deduction for the IRA contribution under section 219(b)(2)(A). Anthes v. Commissioner,81 T.C. 1 (1983), and cases cited therein; Johnson v. Commissioner,T.C. Memo. 1978-426, affd. 620 F.2d 153 (7th Cir. 1980); Saurini v. Commissioner,T.C. Memo. 1983-524. [6] Respondent is sustained on this issue. We must also sustain respondent's determination of a six percent excise tax imposed under section *532 4973(a) on petitioner's excess contribution to an IRA. Where the entire contribution fails to qualify for the deduction, the entire amount constitutes excess contributions and this is true even though the contribution was made in good faith and not willfully. See Anthes v. Commissioner,supra;Moore v. Commissioner,T.C. Memo. 1983-289; Saurini v. Commissioner, supra.
Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, the post-trial procedures set forth in that Rule are not applicable in this case.↩
3. Respondent designated the total deficiencies as "income tax" deficiencies in his notice of deficiency. However, the computation and explanation schedules attached to the notice correctly describe the asserted deficiencies as partly being in excise tax. See Johnson v. Commissioner,74 T.C. 1057, 1058 n. 1 (1980), affd. 661 F.2d 53 (5th Cir. 1981); Collins v. Commissioner,70 T.C. 785↩ n. 1 (1978).
4. The procedures set forth in sec. 7463 apply to cases involving taxes imposed by subtitle A and Chs. 11 and 12 of the Code, subject to monetary limits. As to petitions filed after Oct. 25, 1982, sec. 7463 has been amended to cover subtitle D, subject to a monetary limit. Pub. L. 97-362, sec. 106(a), 96 Stat. 1730.↩
5. See Anthes v. Commissioner,81 T.C. 1, 7↩ (1983); sec. 219, as amended by sec. 311(a), Economic Recovery Tax Act of 1981, Pub.L. 97-34, 95 Stat. 172,274. 6. We note that the decision in Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), revg. T.C. Memo. 1978-498↩, is distinguishable since petitioner herein was employed by Bell during the entire years in question and accrued benefits based on his participation in the plan during these years.