DANIEL J. B. MITCHELL and ALICE MITCHELL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mitchell v. Commissioner
Docket No. 5205-78.
United States Tax Court
T.C. Memo 1981-415; 1981 Tax Ct. Memo LEXIS 331; 42 T.C.M. (CCH) 607; T.C.M. (RIA) 81415; 2 Employee Benefits Cas. (BNA) 1898; August 10, 1981. Daniel J. B. Mitchell, pro se. Dale C. Allen, for the respondent. PARKER
MEMORANDUM FINDINGS OF FACT AND OPINION PARKER, Judge: Respondent determined a deficiency in petitioners' Federal income tax for *334 the taxable year 1975 in the amount of $ 431.51 and imposed an excise tax under section 4973[1] in the amount of $ 70.50. The issues for decision are whether or not petitioners may deduct under section 219 or section 404 an amount of $ 1,175 that petitioner-husband deposited in a savings arrangement during 1975 and whether or not they must pay a six percent excise tax on that amount as "excess contributions" to an individual retirement account under section 4973. FINDINGS OF FACT At the time of filing the petition in this case, petitioners resided in Bethesda, Maryland. They timely filed a joint Federal income tax return for the year 1975. During 1975, petitioners lived in California. Petitioner Daniel J. B. Mitchell (hereinafter petitioner) was a professor at the University of California at Los Angeles, and was covered by the University's qualified pension plan. His wife was a librarian with the Academy of Motion Picture Arts and Sciences, and was not covered by a qualified pension plan. During 1975 each spouse *335 established a savings arrangement with a savings institution, and the Union Bank (Los Angeles) acted as the trustee of the savings arrangement for each spouse. The Union Bank sent each spouse a Form 5498, Statement of Account for Participants in Individual Retirement Accounts or Annuities, showing contributions in 1975 of $ 1,175 by petitioner and $ 883.50 by his wife. Each spouse filed with their joint return a Form 5329, Return for Individual Retirement Savings Arrangement (under sections 408 or 409 of the Internal Revenue Code). In Part I of the Form 5329, each spouse checked "individual retirement account" as the type of funding arrangement involved. Question 2 of Part I of the Form 5329 read as follows: Were you during any part of the year an active participant in a qualified pension, profit-sharing or stock bonus plan, including a qualified Keogh (HR10) plan (see instructions), or were you covered under a section 403(b) annuity or custodial account or under a government retirement plan other than the Social Security or Railroad Retirement Acts? Petitioner's wife answered this question "No," but petitioner answered "Yes" with the following explanation: *336 "But pension plan did not apply to income covered by IRA." During 1975, in addition to his employment with the University, petitioner was self-employed as a consultant. From his consulting work, petitioner earned $ 7,285.63 on which he paid self-employment tax. On their joint return, the spouses deducted from their gross income a total amount of $ 2,058.50 as payments to an individual retirement arrangement (from attached Forms 5329). On audit, respondent allowed the $ 883.50 contribution to an individual retirement account made by the wife but disallowed the $ 1,175 contribution made by petitioner. Petitioner's deduction was disallowed on the ground that he did not meet the requirements of section 219. OPINION Section 219(a)[2] allows a deduction from gross income for amounts paid to an individual retirement account (hereinafter IRA) subject to certain limitations and restrictions. Section 219(b)(2)[3] provides, however, that no deduction is allowed if for any part of the taxable year the individual was an active participant in a qualified plan. Here it is undisputed that petitioner was an active participant in the pension plan of the University of California at Los *337 Angeles. Therefore, petitioner was not entitled to a deduction under section 219(a) for his contribution to his IRA and his entire contribution constituted "excess contributions" within the meaning of section 4973. [4]Johnson v. Commissioner, 620 F. 2d 153 (7th Cir. 1980), affirming a Memorandum Opinion of this Court; Johnson v. Commissioner, 74 T.C. 1057 (1980); Guest v. Commissioner, 72 T.C. 768 (1979); Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F. 2d 677 (2d Cir. 1979). *338 Petitioner does not seriously contend that he is entitled to a deduction under section 219(a) for his contribution to an IRA. Petitioner says, however, that respondent and this Court should treat his contribution as a payment to a Keogh (H.R.10) plan, and presumably therefore deductible under section 404(e)(1), [5] which governs contributions by self-employed persons to their Keogh plans. In support of this proposed approach, petitioner says that before opening the IRA, he consulted a financial institution, which advised him that a Keogh plan was only for self-employment income but that an IRA could cover either a self-employed person or an employee who was not otherwise covered by a qualified pension plan. Having been told by that financial institution that he was qualified for either a Keogh plan or an IRA, advice that petitioner says was confirmed by the local office of the Internal Revenue Service, petitioner then selected an IRA because it was simpler and because he felt he might later be able to use such an IRA during his sabbatical leave from the University. *339 The advice petitioner received from the financial institution was erroneous and if petitioner's inquiry to the local office of the Internal Revenue Service "produced the same opinion," as he testified, then that too was erroneous. Petitioner seems to agree, as he must, that such erroneous legal advice is not binding on respondent or this Court. Dixon v. United States, 381 U.S. 68, 72-73 (1965); Automobile Club of Michigan v. Commissioner, 353 U.S. 180, 183 (1957); Neri v. Commissioner, 54 T.C. 767, 771-772 (1970); Fortugno v. Commissioner, 41 T.C. 316, 323-324 (1963), affd. 353 F. 2d 429 (3d Cir. 1965). Petitioner instead asks the Court to treat his IRA as a Keogh plan and to overlook what he characterizes as a "technical error." Unlike the example petitioner suggests of the bank giving him the wrong piece of paper to sign, here petitioner in fact did what he intended to do, i.e. he opened an IRA account. In the case of a self-employed individual, section 401(c) through (e) permits the establishment of a qualified retirement plan known as a Keogh (or H.R.10) plan. Respondent concedes *340 that petitioner was eligible in 1975 to set up such a plan in regard to his self-employment income from his consulting business. Respondent does not concede that petitioner in fact set up a Keogh plan. A Keogh plan has certain legal requirements, including a requirement that there be a definite written program and arrangement setting forth all provisions essential for qualification at the time such a plan is established. Section 1.401-12(b)(2), Income Tax Regs; Jones v. Commissioner, 51 T.C. 651 (1969). [6] Petitioner does not suggest, and the record does not show, that he satisfied the requirements for a Keogh plan. Petitioner merely asks the Court to treat the case as if he had set up a Keogh plan rather than an IRA. This we cannot do. Tax consequences must flow from the actions actually taken, not from different actions that might have been taken had petitioner received better legal advice. The fact that petitioner as a self-employed person may have been eligible to set up a Keogh plan is not sufficient. He did not set up a Keogh plan. He set up an IRA and his contribution to the IRA is not deductible because he was an active participant *341 in a qualified pension plan in 1975. We must sustain respondent's determination. However, petitioner's wife apparently would not be liable for the six percent excise tax. See footnote 4. For that reason decision will be entered under Rule 155 to permit the parties to resolve that matter. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year here involved, unless otherwise indicated.↩
2. SEC. 219. RETIREMENT SAVINGS. (a) Deduction Allowed.--In the case of an individual, there is allowed as a deduction amounts paid in cash during the taxable year by or on behalf of such individual for his benefit-- (1) to an individual retirement account described in section 408(a), (2) for an individual retirement annuity described in section 408(b), or (3) for a retirement bond described in section 409 (but only if the bond is not redeemed within 12 months of the date of its issuance). For purposes of this title, any amount paid by an employer to such a retirement account or for such a retirement annuity or retirement bond constitutes payment of compensation to the employee (other than a self-employed individual who is an employee within the meaning of section 401(c)(1)↩) includible in his gross income, whether or not a deduction for such payment is allowable under this section to the employee after the application of subsection (b). 3. (b) Limitations And Restrictions.-- (2) Covered by Certain Other Plans.--No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a), (ii) an annuity plan described in section 403(a), (iii) a qualified bond purchase plan described in section 405(a), or (iv) a plan established for its employees by the United States, by a State or political division thereof, or by an agency or instrumentality of any of the foregoing, or (B) amounts were contributed by his employer for an annuity contract described in section 403(b)↩ (whether or not his rights in such contract are nonforfeitable). 4. SEC. 4973. TAX ON EXCESS CONTRIBUTIONS TO INDIVIDUAL RETIREMENT ACCOUNTS, CERTAIN SECTION 403(b) CONTRACTS, CERTAIN INDIVIDUAL RETIREMENT ANNUITIES, AND CERTAIN RETIREMENT BONDS. (a) Tax Imposed.--In the case of-- (1) an individual retirement account (within the meaning of section 408(a)), (2) an individual retirement annuity (within the meaning of section 408(b)), a custodial account treated as an annuity contract under section 403(b)(7)(A) (relating to custodial accounts for regulated investment company stock), or (3) a retirement bond (within the meaning of section 409), established for the benefit of any individual, there is imposed for each taxable year a tax in an amount equal to 6 percent of the amount of the excess contributions to such individual's accounts, annuities, or bonds (determined as of the close of the taxable year). The amount of such tax for any taxable year shall not exceed 6 percent of the value of the account, annuity, or bond (determined as of the close of the taxable year). In the case of an endowment contract described in section 408(b), the tax imposed by this section does not apply to any amount allocable to life, health, accident, or other insurance under such contract. The tax imposed by this subsection shall be paid by such individual. (Emphasis added.) The statutory notice in this case is addressed to both spouses and suggests joint liabilities for the excise tax as well as the income tax. Because of the last sentence of section 4973(a) underscored above, it would seem that petitioner Alice Mitchell would not be liable for the excise tax. See Guest v. Commissioner, 72 T.C. at 779-780, and Johnson v. Commissioner, 74 T.C. at 1062↩.
5. SEC. 404. (e) Special Limitations for Self-Employed Individuals.-- (1) In General.--In the case of a plan included in subsection (a)(1), (2), or (3), which provides contributions or benefits for employees some or all of whom are employees within the meaning of section 401(c)(1), the amounts deductible under subsection (a) in any taxable year with respect to contributions on behalf of any employee within the meaning of section 401(c)(1)↩ shall, subject to paragraphs (2) and (4), not exceed $ 7,500, or 15 percent of the earned income derived by such employee from the trade or business with respect to which the plan is established, whichever is the lesser.
6. See also Vernaccini v. Commissioner, T.C. Memo. 1974-66↩.