WILLIAM S. BOYKIN and LOUISE P. BOYKIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boykin v. Commissioner
Docket No. 3731-79.
United States Tax Court
T.C. Memo 1981-447; 1981 Tax Ct. Memo LEXIS 292; 42 T.C.M. (CCH) 803; T.C.M. (RIA) 81447; August 24, 1981. *292 Held, petitioner William S. Boykin, being a participant in his employer's noncontributory employee pension plan for 1976, may not deduct the contribution he made in 1976 to an IRA he established in 1975. Held, further, petitioner is liable for the 6-percent excise tax imposed by sec. 4973, I.R.C. 1954. William S. Boykin, pro se. J. Carlton Howard, Jr., for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' Federal income tax in the amount of $ 504.10 and a deficiency in excise tax of $ 90 under section 4973, [1] for the taxable year 1976. The issues for decision are: (1) Whether a $ 1,500 contribution in 1976 to an individual retirement account was deductible under section 219; and (2) whether any portion of such contribution constituted an excess contribution subject to the 6-percent excise tax imposed by section 4973. FINDINGS OF FACT Most of the facts were stipulated and they are so found. The stipulation of facts is incorporated herein by reference. Petitioners William S. Boykin *293 and Louis P. Boykin, husband and wife, resided in Baltimore, Md., when they filed their petition in this case. Petitioners filed a joint individual income tax return for the taxable year 1976. Because petitioner Louise P. Boykin is a party herein solely by reason of having filed a joint return, petitioner William S. Boykin will hereafter be referred to as petitioner. Petitioner was employed by Maryland Clarklift, Inc. (hereinafter Clarklift), before and during 1976, the taxable year in issue. For years before 1976, Clarklift had no employee pension plan qualified under section 401(a). In 1975, petitioner established an individual retirement account (IRA), qualified under section 408. Petitioner made a $ 1,500 contribution to the IRA in each of the years 1975 and 1976. In 1976, Clarklift established a qualified, noncontributory employee pension plan. [2] *294 Clarklift treated petitioner as an active participant in the plan during 1976, and contributed $ 52 to the plan on his behalf. Petitioner's interest in the plan did not vest during 1976. Petitioner was not aware at any time during 1976 that Clarklift had established a qualified pension plan. Petitioner ceased working for Clarklift after December 31, 1976, at which time the $ 52 contributed to the pension plan on his behalf was forfeited. On their joint return for 1976, petitioners deducted the $ 1,500 which had been contributed to the IRA in 1976. In the notice of deficiency, respondent disallowed the deduction and imposed an excise tax of $ 90. OPINION The deductibility of contributions to an IRA is governed by section 219. [3] *295 *296 Section 219(b)(2) disallows any deduction for a contribution to an IRA in a particular taxable year if, inter alia, the individual claiming the deduction was an "active participant" in a qualified pension plan under section 401(a) "for any part of such taxable year." Sec. 219(b)(2)(A)(i). As noted in Orzechowski v. Commissioner, 69 T.C. 750, 753 (1978), affd. 592 F.2d 677 (2d Cir. 1979), section 219 does not define the term "active participant." Its meaning, however, is made clear by the legislative history: An individual is to be considered an active participant in a plan if he is accruing benefits under the plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to, e.g., accrue benefits under a qualified plan and also make contributions *297 to an individual retirement account, when he later becomes vested in the accrued benefits he would receive tax supported retirement benefits for the same year both from the qualified plan and the retirement savings deduction. * * * H.Rept. 93-807, 93d Cong., 2d Sess., p. 129 (1974), 1974-3 C.B. (Supp.) 236, 364. Based on the foregoing and the statutory language denying a deduction for a taxpayer who is an "active participant" "for any part" of the taxable year, this Court has held that a taxpayer was not entitled to a deduction for a contribution to an IRA, which contribution was made at a time when the individual was not covered by a plan and it was only later in the taxable year (or in a subsequent year during which the taxpayer also made a contribution) that the taxpayer became an unvested participant in a qualified pension plan. See, for example, Johnson v. Commissioner, 620 F.2d 153 (7th Cir. 1980), affg. per curiam a Memorandum Opinion of this Court. [4] This Court has also held that a deduction is not allowable under circumstances where a taxpayer, after ceasing to be covered by a pension plan during the first part of the taxable year, thereafter opens an IRA and contributes *298 thereto. See, for example, Johnson v. Commissioner, 74 T.C. 1057 (1980). [5]
In Foulkes v. Commissioner, 638 F.2d 1105 (7th Cir. 1981), revg. T.C.Memo. 1978-498, however, the Seventh Circuit held that a taxpayer-employee who had been covered by a qualified, noncontributory pension plan of his employer from January to May of 1975, when he terminated his employment and thereby forfeited his rights to benefits under the plan, could deduct the $ 1,500 he contributed to an IRA he established for himself in December of 1975. The basis of the court's conclusion was that the determination of whether *299 the taxpayer was an "active participant" in a qualified plan within the meaning of section 219(b)(2)(A)(i)8 which would preclude him from taking the deduction, must be determined as of the end of his taxable year. If the taxpayer had no potential at that time of receiving a double tax benefit as a result of having been covered by his employer's pension plan and having contributed to his own IRA, he was not an "active participant" in his employer's plan within the meaning of section 219(b)(2)(A)(i). Since the taxpayer had forfeited his rights to benefits under the plan in May of 1975 and the Commissioner had conceded that the breaks-in-service rules of section 411(a)(6) could not have applied to Foulkes, he had no potential for a double tax benefit from his contribution the IRA in December of 1975 and thus was not precluded from taking the deduction for his contribution to the IRA. Appealing as this effort to ameliorate the sometimes harsh result of a strict application of the language of section 219(b)(2)(A)(i) may be, we do not believe it is of any help to petitioner in this case primarily because of the inadequacy of the record. Neither a copy of the Clarklift pension plan nor *300 the pertinent provisions thereof was offered in evidence, [6] so we have only petitioner's testimony that he forfeited all rights under the plan when he terminated his employment. The breaks-in-service rules of section 411(a)(6), referred to in footnote 16 of the Seventh Circuit's opinion, were applicable for the year 1976 when the Clarklift plan was adopted. Since the parties stipulated that the plan was qualified, we must assume that it contained some provisions with respect to the breaks-in-service rules which might have permitted petitioner to receive credit for the year or years of service prior to his termination if he was reemployed by Clarklift. Furthermore, we cannot be certain of the exact date of petitioner's termination of employment. He testified that he "continued in their employ until December 31, 1976" but on brief he states that he was employed by Clarklift "before and during the year 1976" and "left Maryland Clarklift Co. on January 1, 1977." Because of these and other uncertainties, we cannot conclude that by December 31, 1976, "it had been determined that he (petitioner) received no tax benefit as a member of the plan and that he retained no potential for such *301 a benefit." Foulkes v. Commissioner, supra at 1110. We therefore need not decide whether we will adhere to the position we took in Foulkes v. Commissioner, T.C.Memo. 1978-498, or agree with the Seventh Circuit. [7] See Chapman v. Commissioner, 77 T.C.     (Aug. 24, 1981). In the instant case, petitioner was apparently accruing benefits, albeit unvested, in Clarklift's qualified pension plan throughout the year 1976. Thus, he was an "active participant" in such a plan and cannot deduct that year's $ 1,500 contribution to the IRA. This result is not changed by the fact that he terminated his employment at the end of 1976 and may have forfeited whatever rights he may have had under the plan. Nor, regrettably, does the fact that petitioner was unaware of the Clarklift pension plan and its coverage of him change the result. [8] Section 219(b) is framed in such a manner that, the possible equities *302 of his case notwithstanding, on the record before us petitioner cannot escape its application. Accordingly, we conclude that petitioner is not entitled to any deduction under section 219 for the $ 1,500 contributed to his IRA in 1976. Section 4973 excise tax: Section 4973(a)(1) imposes an excise tax of 6 percent on "excess contributions" to an IRA. Since, under section 219, petitioner is not entitled to any deduction for 1976, his entire $ 1,500 contribution was an excess contribution under section 4973(b)(1). Orzechowski v. Commissioner, supra at 756. The fact that the "excess contribution" may have been "inadvertent" due to *303 petitioner's lack of knowledge of the Clarklift pension plan does not allow us either to characterize the contribution as other than an excess contribution or to disapprove the imposition of the excise tax. [9] Accordingly, petitioner is liable for the $ 90 excise tax imposed for 1976. [10] For the reason stated in n. 10, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable year in issue.↩
2. The parties stipulated that the IRA was qualified under section 408 and that the Clarklift pension plan was a qualified noncontributory employee pension plan. Hence, we cannot question whether lack of communication of the plan to the employees would affect the qualification of the Clarklift plan. See sec. 102(a), Pub. L. 93-406, 88 Stat. 829,841; sec. 1.401-1(a)(2), Income Tax Regs.↩
3. Sec. 219 provides in pertinent part: (a) Deduction Allowed.--In the case of an individual, there is allowed as a deduction amounts paid in cash during the taxable year by or on behalf of such individual for his benefit-- (1) to an individual retirement account described in section 408(a), (2) for an individual retirement annuity described in section 408(b), or (3) for a retirement bond described in section 409 (but only if the bond is not redeemed within 12 months of the date of its issuance). For purposes of this title, any amount paid by an employer to such a retirement account or for such a retirement annuity or retirement bond constitutes payment of compensation to the employee (other than a self-employed individual who is an employee within the meaning of section 401(c)(1)) includible in his gross income, whether or not a deduction for such payment is allowable under this section to the employee after the application of subsection (b). (b) Limitations and Restrictions.-- (1) Maximum deduction.--The amount allowable as a deduction under subsection (a) to an individual for any taxable year may not exceed an amount equal to 15 percent of the compensation includible in his gross income for such taxable year, or $ 1,500, whichever is less. (2) Covered by certain other plans.--No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a), (ii) an annuity plan described in section 403(a), (iii) a qualified bond purchase plan described in section 405(a), or (iv) a plan established for its employees by the United States, by a State or political subdivision thereof, or by an agency or instrumentality of any of the foregoing, or (B) amounts were contributed by his employer for an annuity contract described in section 403(b) (whether or not his rights in such contract are nonforfeitable).↩
4. See also Goldman v. Commissioner, T.C.Memo. 1981-223; Ellor v. Commissioner, T.C.Memo. 1981-148; Goldstein v. Commissioner, T.C.Memo. 1978-480; Pervier v. Commissioner, T.C.Memo. 1978-410. In Pervier↩ the taxpayer became an "active participant" in a plan on the last day of the taxable year. This "minimal" participation nonetheless precluded the allowance of a deduction for an earlier contribution to an IRA. 5. See also Hall v. Commissioner, T.C.Memo. 1980-576; Leightweis v. Commissioner, T.C.Memo. 1980-290; Andelman v. Commissioner, T.C.Memo. 1980-276; Alexander v. Commissioner, T.C.Memo. 1980-71↩.
6. Petitioner testified that he had never seen the pension plan and was unable to obtain a copy of it. ↩
7. We note that the recently enacted Economic Recovery Tax Act of 1981 permits the deduction of certain contributions to an IRA even though the taxpayer is covered by a qualified employer pension plan.↩
8. See Hollon v. Commissioner, T.C.Memo. 1980-47, another instance in which the taxpayer was unaware of his coverage under a pension plan. While the statute and regulations (see n. 3) appear to require that for a plan to qualify under sec. 401, notice thereof must be given to the covered employees, see Engineered Timber Sales, Inc. v. Commissioner, 74 T.C. 808↩ (1980), the parties have stipulated that the Clarklift plan was qualified and there is nothing in sec. 219(b)(2) that makes its application dependent on the taxpayer's knowledge of the employer's plan.
9. See Hollon v. Commissioner, supra; Tallon v. Commissioner, T.C.Memo. 1979-423↩. Where a taxpayer contributes to an IRA at a time when he is not covered by a qualified pension plan but later in the taxable year becomes so covered, statutory provisions exist which allow for the distribution of such contributions in order to preclude imposition of the excise tax. See secs. 408(d)(4) and (5). 10. The notice of deficiency issued to petitioner appears to assert joint liability with respect to the excise taxes. It is unclear whether petitioner-wife is liable for such taxes under sec. 4973(a), as in effect for 1976. Johnson v. Commissioner, 74 T.C. 1057, 1062 (1980); Guest v. Commissioner, 72 T.C. 768, 779-780↩ (1979). The correct amount of liabilities shall be determined in proceedings under Rule 155.