FERRIS L. JOHNSON and JETTIE L. JOHNSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Johnson v. Commissioner
Docket No. 3065-78.
United States Tax Court
T.C. Memo 1978-426; 1978 Tax Ct. Memo LEXIS 88; 37 T.C.M. (CCH) 1763; T.C.M. (RIA) 78426; 1 Employee Benefits Cas. (BNA) 1235; October 26, 1978, Filed Ferris L. Johnson, pro se. Judith M. Picken, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Lehman C. Aarons, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE AARONS, Special Trial Judge: Respondent determined a combined deficiency in petitioners' federal income tax, and in excise tax under section 4973, for the *90 year 1975, totaling $ 630. The issues before the Court are (1) the deductibility, under section 219, of $ 1500 contributed to an individual retirement account (IRA) and (2) the liability for an excise tax of 6% (i.e. $ 90) for an "excess contribution" to an IRA, under section 4973. Ferris L. Johnson (hereinbelow "petitioner") and his wife, Jettie L. Johnson, resided in Mundelein, Illinois at the time they filed their petition herein. They filed a timely return for 1975. The petition was filed under the small tax case procedures set forth in section 7463. But since one of the issues (i.e. the excise tax issue) involved a tax imposed by subtitle D, it was not within the category of cases covered by section 7463 (i.e. income, gift and estate tax cases). Accordingly, the case was ordered removed from the small tax procedures. See, Historic House Museum Corp. v. Commissioner,70 T.C. 12 (1978). Most of the facts were stipulated by the parties. The stipulation of facts, including exhibits attached thereto, are incorporated herein by reference. Petitioner was employed by three organizations in 1975, namely Bell and Howell Company, Bunker Ramo Corporation, *91 and FMC Corporation. Neither Bell and Howell nor Bunker Ramo had a pension plan covering petitioner. However, FMC did have a qualified pension plan within the meaning of section 401 of the Code. Petitioner was automatically covered by the FMC pension plan during the course of his employment with FMC, which extended from August 1975 to March 1976. All contributions to the FMC pension plan were made by the employer. In 1975, prior to the beginning of his employment with FMC, petitioner had opened an IRA in the amount of $ 1500, with the Bank of Highland Park. The stipulated facts in this case defeat petitioner's claim. Section 219(b)(2) which reads in part * * * No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a) * * * precludes any deduction under the agreed facts. Petitioner concededly was covered by the FMC plan for part of 1975 and concededly that plan was qualified under section 401. In these circumstances, this Court has held that the 6% excess contributions penalty, imposed by section 4973(a), is also applicable. Orzechowski v. Commissioner,69 T.C. 750 (1978), *92 on appeal (2d Cir., April 21, 1978). Petitioner's main contention herein is that he was misled by the language of I.R.S. Publication 590 (Tax Information on Individual Retirement Savings Programs). That publication states: You may contribute to an individual retirement savings program if you are not an active participant, during any part of the tax year, in any of the following: 1) A qualified pension, profit-sharing, or stock bonus plan of an employer * * * Petitioner reads this as saying that if for any portion of the year one was not an active participant in a qualified plan, one may establish an IRA. Whoever drafted that language evidently thought that by re-stating the statutory test in negative terms he was improving the understandability of the statute, which, as above quoted, says clearly that if at any time during a year you were an active participant in a qualified plan, you are not permitted an IRA deduction. Even though we assume that Publication 590 may be read as petitioner reads it, the statute (section 219(b)(2)) and the proposed regulations ( § 1.219-1(b)(2)), which simply repeat the statutory language, are clearly to the contrary. In these circumstances *93 we think the Court's reference to another I.R.S. Publication (Your Income Tax) in the case of Green v. Commissioner,59 T.C. 456, 458 (1972) may appropriately be repeated here: * * * even if Your Federal Income Tax were construed to permit deduction of what would otherwise be nondeductible commuting expenses, it is clear that the sources of authoritative law in the tax field are the statute and regulations, and not informal publications such as Your Federal Income Tax. Dixon v. United States,381 U.S. 68, 73 (1965); Adler v. Commissioner,330 F.2d 91, 93 (C.A. 9, 1964); Eugene A. Carter,51 T.C. 932, 935 (1969). Petitioner also complains of harassment by the Internal Revenue Service. However, it is well established, especially in view of petitioners' right to a trial de novo in this Court, that this Court will not normally look behind the deficiency notice to examine into the manner in which the agents of the Internal Revenue Service have conducted themselves. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324 (1974). We conclude that respondent's determination must be sustained. In *94 accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.