Ferris L. JOHNSON and Jettie L. Johnson, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 78–2562.

United States Court of Appeals, Seventh Circuit.

Submitted March 4, 1980.

Decided March 24, 1980.

---

Ferris L. Johnson, Mundelein, Ill., for petitioners-appellants.

Stuart E. Seigel, IRS, Washington, D. C., M. Carr Ferguson, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before FAIRCHILD, Chief Judge, TONE and CUDAHY, Circuit Judges.

PER CURIAM.

The petitioners, Ferris L. Johnson (hereinafter Johnson) and Jettie L. Johnson (party to this case only because she signed the petitioners' joint return), appeal from a decision of the Tax Court.[1] The Tax Court upheld a determination by the Commissioner of Internal Revenue disallowing Johnson's deduction of $1,500 contributed to an individual retirement account (IRA), Internal Revenue Code § 219(b)(2)(A)(i), 26 U.S.C.,[2] and imposing a 6% excise tax for excess contributions to an IRA, I.R.C. § 4973. We affirm and adopt the opinion of the Tax Court, T.C. Memo 1978–426, 37 T.C.M. (CCH) 1763, as our own, with the following additional comments.

The facts are stipulated and may be restated briefly. In 1975 Johnson worked for three employers. The first two employers did not have pension plans covering Johnson. The third company, FMC, had a qualified pension plan which covered Johnson from the beginning of his employment with FMC, in August 1975, through the rest of the year. Earlier in 1975, prior to joining FMC, Johnson deposited $1,500 in an IRA, which he claimed as a deduction on his 1975 income tax return.

On these facts Johnson argues he is entitled to the claimed deduction, relying

---

1. After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). Johnson has filed such a statement and requested oral argument in this case. Upon consideration of that statement and the briefs and record, the request for oral argument is denied. Circuit Rule 14(f)(3).

2. Section 219(b)(2)(A)(i) provides in pertinent part:

   (b) Limitations and restrictions.—

   .     .     .     .     .

   (2) Covered by certain other plans.—No [IRA] deduction is allowed  .  .  .  for an individual for the taxable year if for any part of such year—
   (A) he was an active participant in—
   (i) a [qualified pension] plan described in section 401(a) which includes a trust exempt from tax under section 501(a).

   .     .     .     .     .

on his interpretation of an informal I.R.S. publication and his claim that Congress intended to allow him the deduction. As the Tax Court's opinion shows, Johnson may not rely on an informal I.R.S. publication, if the tax statute denies the deduction. And the clear language of the statute denies the deduction. *See* n.2 *supra.*

But even if the language of the statute were not so clear, Congress' intent regarding a situation like Johnson's is expressed unmistakably in the legislative history of § 219(b)(2):

> For example, an individual who has contributed to a retirement account may change jobs in mid-year and become an active participant in a qualified plan of his new employer during that year. In this case, *a retirement savings deduction is not to be allowed* and the contributions made to an individual retirement account will be excess contributions.

H.Rep.No.93–807, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin. News, pp. 4639, 4670, 4795 (emphasis added). The Senate Report contains a similar example. S.Rep.No.93–383, 93d Cong., 2d Sess. (1973), *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 4890, 5016.

Further buttressing the Commissioner's reading of § 219(b)(2) is the purpose behind the statute. Congress enacted § 219(b)(2) to prevent situations in which taxpayers would obtain double tax benefits by setting aside in an IRA the maximum portion of their income allowed and deferring tax on that income, while for the same year deferring tax on employer contributions to a qualified pension plan. *See* H.Rep.No.93–807, *supra,* [1974] U.S.Code Cong. & Admin. News at pp. 4793–94; *Orzechowski v. C.I.R.,* 592 F.2d 677, 678 (2d Cir. 1979). That is precisely the situation in which Johnson found himself. Thus the Tax Court was correct in holding that Johnson was not entitled to the claimed deduction and that the contribution to the IRA was an excess contribution subject to the 6% excise tax under I.R.C. § 4973.

The judgment of the Tax Court is affirmed and the clerk of this court is directed to enter judgment accordingly.