HILAIRE J. WITTENBRINK and KATHRYN M. WITTENBRINK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wittenbrink v. Commissioner
Docket No. 212-79.
United States Tax Court
T.C. Memo 1981-645; 1981 Tax Ct. Memo LEXIS 98; 42 T.C.M. (CCH) 1624; T.C.M. (RIA) 81645; November 4, 1981. *98 In Nov. 1975, P became employed by H as a fulltime salaried employee. H maintained a qualified retirement plan for its salaried employees, and a salaried employee was covered by such plan immediately upon his employment. However, information supplied by H erroneously stated that a salaried employee was required to have 90 days of service before becoming a member of such plan. In 1975, P made a contribution to an IRA. During 1976, such contribution was not distributed or otherwise reduced. Held, during 1975, P was an "active participant" in a qualified plan and, therefore, was ineligible to contribute to an IRA. Held, further, for 1975 and 1976, P is liable for the 6-percent excise tax imposed by sec. 4973, I.R.C. 1954. Hilaire J. Wittenbrink, pro se. Robert D. Kaiser, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined deficiencies in *100 the petitioners' Federal income taxes of $ 346.42 for 1975 and $ 42.00 for 1976. He also determined a deficiency in the excise taxes under section 4973(a) of the Internal Revenue Code of 1954[1] of $ 90.00 for each of such years. The issues for decision are: (1) Whether a contribution to an individual retirement account (IRA) in 1975 was deductible under section 219 when the petitioner believed he was not covered by a qualified plan, and (2) whether any portion of such contribution constituted an excess contribution subject to the 6-percent excise tax imposed by section 4973. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Hilaire J. and Kathryn M. Wittenbrink, husband and wife, resided in South Bend, Ind., at the time they filed their petition in this case. They filed joint Federal income tax returns for 1975 and 1976 with the Internal Revenue Service. On November 1, 1975, Mr. Wittenbrink began employment with the Daisy/Heddon Division of the Victor Comptometer Corp. (Heddon). *101 He was a salaried, full-time employee of Heddon and held the position of vice president of sales. Mr. Wittenbrink's employment with Heddon was terminated on February 28, 1977, and under the terms of his employment contract, he was paid through April 1977. During 1975, Heddon, as a division of the Victor Comptometer Corp., maintained a qualified retirement plan for its salaried employees. The plan for the hourly employees had a probationary period of 3 months; but the salaried employee's plan did not have a probationary period, and a salaried employee became a participant in such plan as of his initial employment date. Hence, as of November 1, 1975, Mr. Wittenbrink began accruing benefits under such plan. Under the terms of such plan, an employee was entitled to a monthly income of $ 2.75 multiplied by the number of years of credited service. However, no benefits became vested under such plan prior to the completion of 10 years of credited service. Therefore, upon his leaving Heddon's employ in 1977, Mr. Wittenbrink forfeited the benefits he had accrued under such plan. At the time Mr. Wittenbrink began his employment with Heddon, he received a booklet prepared by Heddon *102 which described its salaried employee's retirement plan. Such booklet erroneously stated that a salaried employee was eligible to become a member in such plan only after completing 90 calendar days of service. However, it was further stated in the booklet that credited service would be computed retroactive to the date of employment. Also, Mr. Wittenbrink was verbally told that the 90-day probationary period applied to the salaried employee's retirement plan. In 1975, based on his understanding that he was not yet an eligible member of the salaried employee's retirement plan, Mr. Wittenbrink contributed $ 1,500 to an IRA with the First Bank and Trust Co., South Bend, Ind. During 1976, Mr. Wittenbrink did not make a cash contribution to his IRA, since at that time, he understood that he was a participant in the salaried employee's retirement plan. On their Federal income tax return for 1975, the petitioners claimed a deduction of $ 1,500 for Mr. Wittenbrink's contribution to the IRA. Attached to such return was a Form W-2, wage and tax statement, from Heddon which indicated that Mr. Wittenbrink was covered by a qualified pension plan. On their Federal income tax return for 1976, *103 the petitioners claimed a deduction for a payment to an IRA in the amount of $ 118.86. Such amount represents the increase in the value of the IRA due to the accumulation of interest earned thereon. During 1976, the petitioners did not withdraw the funds contributed to the IRA or the interest earned thereon. In his notice of deficiency, the Commissioner determined that during 1975 Mr. Wittenbrink was an active participant in a qualified plan and, therefore, was ineligible to contribute to an IRA. Also, he disallowed the deduction claimed by the petitioners for 1976 because it was based on accumulated earnings from an IRA account and not on cash contributed to such account during 1976. In addition, the Commissioner determined that the amount contributed to the IRA was an excess contribution, and he, therefore, imposed a $ 90 excise tax on such contribution for both 1975 and 1976. The petitioners concede the deficiency in income tax for 1976. OPINION Subject to certain limitations, section 219(a) allows a taxpayer to deduct the amount paid in cash to an IRA during the taxable year. However, section 219(b)(2)(A)(i) disallows any deduction under section 219(a) if for any part *104 of the taxable year the taxpayer was an "active participant" in a qualified plan. An individual is considered an active participant if he is accruing benefits under a qualified plan, even though he has only a forfeitable right to plan benefits and even though such benefits are in fact forfeited by termination of employment before any rights become vested. Orzechowski v. Commissioner, 69 T.C. 750 (1978), affd. 592 F. 2d 677 (2d Cir. 1979). It is clear that during November and December 1975, Mr. Wittenbrink accrued benefits under Heddon's salaried employee's retirement plan, which plan was qualified within the meaning of section 401(a). Although such benefits were forfeitable and were, in fact, subsequently forfeited, Mr. Wittenbrink was an "active participant" in a qualified plan. Therefore, during 1975, he was not eligible to contribute to an IRA. Johnson v. Commissioner, 620 F. 2d 153 (7th Cir. 1980), affg. per curiam a Memorandum Opinion of this Court; Orzechowski v. Commissioner, supra.[2]
The petitioners argue that Mr. Wittenbrink *105 was misled and deceived by Heddon into believing that he was not eligible to become a member of the salaried employee's retirement plan until he had completed 90 days of service and that, in good-faith reliance on such belief, he made a contribution to the IRA. In effect, the petitioners ask that we estop the Commissioner from disallowing the deduction based on Heddon's actions. Although we sympathize with the petitioners, their argument is without merit. We must apply the law to the facts as they existed, not as the petitioners believed them to be, and the actions of a private individual cannot form a basis for estopping the Commissioner from disallowing a deduction which Congress has determined should not be allowed. See Dixon v. United States, 381 U.S. 68 (1965); Graff v. Commissioner, 74 T.C. 743 (1980), on appeal (5th Cir., Dec. 8, 1980). [3]
*106 Section 4973(a) imposes an excise tax of 6 percent on an "excess contribution" to an IRA. Section 4973(b) provides that the amount contributed to an IRA in excess of the amount allowable as a deduction under section 219 constitutes an excess contribution. Since we hold that the petitioners were not entitled to a deduction in 1975 under section 219, the entire amount contributed to the IRA in that year constitutes an excess contribution within the meaning of section 4973(b). Orzechowski v. Commissioner, 69 T.C. at 756; see Johnson v. Commissioner, supra.Likewise, since during 1976 the petitioners did not distribute or otherwise reduce the excess contribution, the excise tax imposed by section 4973(a) is also applicable to that year. Johnson v. Commissioner, 74 T.C. 1057 (1980). The fact that Mr. Wittenbrink would not have contributed to the IRA if he had known that he was a participant in the salaried employee's retirement plan does not allow us to characterize the contribution as other than an excess contribution or to disapprove the imposition of the excise tax. Johnson v. Commissioner, 74 T.C. at 1061; Orzechowski v. Commissioner, 69 T.C. at 756-757. *107 [4]
Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩
2. See Pervier v. Commissioner, T.C. Memo. 1978-410↩.
3. Sec. 311 of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 274, 283, provides that an individual, whether or not he is an active participant in a qualified plan, can establish and deduct contributions to an IRA. However, Congress has restricted that privilege to tax years beginning after Dec. 31, 1981, and we have no authority to apply such liberalized provision to earlier years.↩
4. See Tallon v. Commissioner, T.C. Memo. 1979-423; Goetz v. Commissioner, T.C. Memo. 1978-365↩.