KENNETH H. and BONNIE S. SMITH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Smith v. Commissioner
Docket No. 13935-78.
United States Tax Court
T.C. Memo 1981-644; 1981 Tax Ct. Memo LEXIS 97; 42 T.C.M. (CCH) 1621; T.C.M. (RIA) 81644; November 4, 1981. *97 During a part of 1975, H was employed by SRC, which maintained a savings and profit-sharing plan for its employees. H's employment with SRC was terminated before he was eligible to receive employer contributions to such plan for 1975. After his employment with SRC was terminated, H made a contribution to an IRA. Held, it has not been shown that H may not subsequently receive credit for his prior participation in the SRC plan, and therefore, during 1975, H was an "active participant" in a qualified plan; accordingly, H may not deduct the contribution to the IRA. Foulkes v. Commissioner, 638 F. 2d 1105 (7th Cir. 1981), revg. a Memorandum Opinion of this Court, distinguished. Kenneth H. Smith and Bonnie S. Smith, pro se. William P. Hardeman, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 2,223.97 in the petitioners' Federal income tax for 1975. After concessions by the petitioners, the sole issue for decision is whether the petitioners are entitled to deduct a contribution made to an individual retirement account (IRA) in 1975. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Kenneth H. and Bonnie S. Smith, husband and wife, maintained their legal residence in Lewisville, Tex., at the time they filed their petition in *98 this case. They timely filed their joint Federal income tax return for 1975 with the Internal Revenue Service Center, Austin, Tex.
Mr. Smith commenced working for Sears, Roebuck & Co. (Sears) in 1969 and continued working there until September 1975, when Sears terminated his employment. During the years Mr. Smith was employed by Sears, it maintained for its employees the Savings and Profit Sharing Fund of Sears Employees (the plan). The plan provided for both employee and employer contributions. During 1975, employer contributions were only credited to the accounts of individuals who were employees as of November 15. During 1975, Mr. Smith made contributions of $ 750 to the plan. After he was terminated, such amount was withdrawn from the plan and returned to him without interest. Since Mr. Smith was not employed by Sears as of November 15, 1975, no employer contributions were credited to his account for that year. On December 15, 1975, Mr. Smith contributed $ 1,500 to an IRA. In his notice of deficiency, the Commissioner disallowed a deduction for such contribution on the ground that Mr. Smith was ineligible to contribute to an IRA. [1]
*99 OPINION The petitioners contend that the intent of Congress in authorizing contributions to an IRA was to provide a tax benefit for the retirement savings of those taxpayers who did not receive benefits during the taxable year from an employer-sponsored pension or profit-sharing plan. Since Mr. Smith received no employer contributions to the plan during 1975, they argue that they should be allowed to deduct his contribution to an IRA. The Commissioner contends that during part of 1975, Mr. Smith was an active participant in a plan described in section 401(a) of the Internal Revenue Code of 1954[2] and was, therefore, ineligible to contribute to an IRA. [3]
Subject to certain limitations, section 219(a) allows taxpayers to deduct amounts paid in cash to an IRA during the taxable year. However, section 219(b)(2) provides that No deduction is allowed under subsection (a) for an individual for *100 the taxable year if for any part of such year-- (A) he was an active participant in-- (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a) * * * [Emphasis added.] Section 219 does not define the term "active participant." See Orzechowski v. Commissioner, 69 T.C. 750, 753 (1978), affd. 592 F. 2d 677 (2d Cir. 1979). However, the legislative history explains such term: An individual is to be considered an active participant in a plan if he is accruing beneits under the plan even if he only has forfeitable rights to those benefits. Otherwise, if an individual were able to, e.g., accrue benefits under a qualified plan and also make contributions to an individual retirement account, when he later becomes vested in the accrued benefits he would receive tax-supported retirement benefits for the same year both from the qualified plan and the retirement savings deduction. * * * [H. Rept. 93-807 (1974), 1974-3 Supp. C.B. 236, 364.] In Orzechowski, we relied upon that legislative history and held that a taxpayer who was covered by a qualified plan during the taxable year, even though his rights *101 thereunder were forfeitable, was not allowed to contribute to an IRA. Deductions are a matter of legislative grace ( New Colonial Ice Co. v. Helvering, 292 U.S. 435 (1934)), and we are required to follow the limitations established by the Congress. In a host of cases, we have held that taxpayers were not entitled to deduct contributions to IRAs because they were covered by a qualified plan during some part of the taxable year. See Johnson v. Commissioner, 620 F. 2d 153 (7th Cir. 1980), affg. per curiam a Memorandum Opinion of this Court; Chapman v. Commissioner, 77 T.C.     (Aug. 24, 1981). [4]
*102 In Foulkes v. Commissioner, 638 F. 2d 1105 (7th Cir. 1981), revg. a Memorandum Opinion of this Court, however, the Seventh Circuit held that a taxpayer who terminated his employment during 1975, thereby forfeiting his rights to benefits under his employer's noncontributory pension plan, could deduct his contribution to an IRA which he established during that year. In reaching such holding, the Seventh Circuit found that the congressional purpose in enacting the "active participant" limitation of section 219(b)(2)(A)(i) was to prevent the potential for a double tax benefit; that is, that if a taxpayer were able to accrue benefits under a qualified plan and also make contributions to an IRA, he would, when he later becomes vested in such accrued benefits, receive tax-supported retirement benefits for the same year from both the qualified plan and the IRA. 638 F. 2d at 1107 n. 10, 1109 n. 14; H. Rept. 93-807, supra. In making such determination, the Seventh Circuit held that the potential for a double benefit should be made as of year end and that, on the facts of that case, no potential for a double benefit existed. However, in Foulkes, the *103 Commissioner conceded that the break-in-service rules of section 411(a)(6) could not have applied to Mr. Foulkes. Since Foulkes, the issue has come before this Court again in Chapman v. Commissioner, supra. In that case, the taxpayer was covered by a qualified pension plan, although he had no vested right to his accrued benefits. The pension plan provided that an employee was entitled to previously accrued benefits if he ceased employment but was re-employed within the period provided by the break-in-service provision of the pension plan. In 1976, the year in which the taxpayer's employment was terminated, he made, and claimed a deduction for, a contribution to an IRA. In denying the taxpayer a deduction for such contribution, we found that unlike Foulkes, the potential for a double benefit did exist since Mr. Chapman would be entitled to a reinstatement of his previously accrued benefits if he were to be re-employed by his employer within the time provided by the break-in-service provision of the pension plan. Consequently, we held that the rationale adopted by the Court of Appeals in Foulkes was not applicable. 77 T.C. at    . The parties assume that *104 the plan was a "qualified plan" [5] within the meaning of section 401(a); therefore, the break-in-service rules of section 411(a)(6) may have been included in it. See sec. 401(a)(7). Section 411(a)(6)(C) provides that for a participant in a defined contribution plan (such as Mr. Smith) who has had any 1-year break in service, years of service after such break shall not be required to be taken into account for purposes of determining the nonforfeitable percentage of his accrued benefit derived from employer contributions which accrued before such break. However, section 1.411(a)-6(c)(1)(ii), Income Tax Regs., provides, subject to certain exceptions (see sec. 1.411(a)-6(c)(1)(iii)), that although years of service completed after a 1-year break in service are not required to be taken into account for purposes of determining the nonforfeitable percentage of the participant's right to employer-derived benefits which accrued before such break, years of service before such break may not be disregarded in determining the nonforfeitable percentage of a participant's right to employer-derived benefits which accrue after such break. Thus, if Mr. Smith is re-employed by Sears after 1975, *105 his pre-termination years of participation in the plan could result in an increase in the nonforfeitable percentage of his right to Sears' contributions to the plan which are made subsequent to his re-employment. Therefore, the potential for a double tax benefit did in fact exist, and consequently, the rationale adopted by the Seventh Circuit in Foulkes is not applicable. See Chapman v. Commissioner, supra.
The petitioners have the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). Based on the record before us, we are compelled to find and hold that in 1975 Mr. Smith was an "active participant" in a qualified plan. Accordingly, the petitioners are not entitled to a deduction under section 219 for the contribution to an IRA made during such year. [6]
*106 Decision will be entered for the respondent. Footnotes
1. In his notice of deficiency, the Commissioner did not assert an excise tax (see sec. 4973, I.R.C. 1954↩) for improperly depositing funds into an IRA, nor was such issue raised in the pleadings.
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue. ↩
3. The Commissioner concedes that after Sears terminated his employment, Mr. Smith was not employed by an employer who maintained a retirement plan.↩
4. See also Goldman v. Commissioner, T.C. Memo. 1981-223; Ellor v. Commissioner, T.C. Memo. 1981-148; Hall v. Commissioner, T.C. Memo. 1980-576; Lightweis v. Commissioner, T.C. Memo. 1980-290; Andalman v. Commissioner, T.C. Memo. 1980-276; Alexander v. Commissioner, T.C. Memo. 1980-71; Toloczko v. Commissioner, T.C. Memo. 1979-424; Cooper v. Commissioner, T.C. Memo. 1979-256; Goldstein v. Commissioner, T.C. Memo. 1978-480; Pervier v. Commissioner, T.C. Memo. 1978-410↩.
5. The petitioners did not introduce into evidence a copy of the plan.↩
6. Sec. 311 of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 274, 283, provides that an individual, whether or not he is an active participant in a qualified plan, can establish and deduct contributions to an IRA. However, Congress has restricted that privilege to tax years beginning after Dec. 31, 1981, and we have no authority to apply such liberalized provision to earlier years.↩