DELBERT M. and BETTY R. FOWLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fowler v. Commissioner
Docket No. 9161-80.
United States Tax Court
T.C. Memo 1982-112; 1982 Tax Ct. Memo LEXIS 633; 43 T.C.M. (CCH) 723; T.C.M. (RIA) 82112; March 8, 1982. Delbert M. Fowler, pro se. Helen T. Repsis, for the respondent. SCOTT MEMORANDUM *635 FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1977 in the amount of $ 741.41 and a 6 percent excise tax under the provisions of section 4973 [1] of $ 105. The issues for decision are (1) whether petitioners are entitled to a deduction for contributions made to an Individual Retirement Account (I.R.A.) for the year 1977 and (2) whether petitioners are liable for the 6 percent excise tax provided for under section 4973 on excess contributions made to their individual retirement account for the year 1977. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Dallas, Texas, at the time of the filing of their petition in this case, filed a joint Federal income tax return for the calendar year 1977. Delbert M. Fowler (petitioner) was employed by the Department of Energy (previously known as the Federal Energy Administration) from December 1973 until July 1, 1977. He *636 served in the Department of Energy under a limited executive assignment which, under the provisions of the Federal Personnel Manual, is effectively a temporary position. An employee is entitled to serve in such a position a maximum of five continuous years but the agency's authority to continue an employee in such status may be revoked prior to the time the employee has served for five consecutive years. During the period of petitioner's employment at the Department of Energy, amounts were withheld from his wages as contributions to the United States Civil Service Retirement Program. Petitioner's contributions into the United States Civil Service Retirement Program, including those made by petitioner during the year 1977, were refunded to petitioner during the year 1977 after the termination of his employment on July 1 of that year. In December 1977, petitioner and his wife, Betty R. Fowler, each opened an Individual Retirement Account. The balance due on both accounts was paid in January 1978. The total balance on each was $ 875 for a total of $ 1,750 for both accounts. Petitioners on their Federal income tax return for 1977 attached a Form 5329 in which they claimed a deduction *637 of $ 1,750 as a contribution to a retirement savings arrangement for each in the amount of $ 875. Mrs. Fowler was not gainfully employed at any time during the year 1977. Respondent in his notice of deficiency disallowed the claimed (I.R.A.) deduction of $ 1,750 and determined a 6 percent excise tax on that amount under the provisions of section 4973. Respondent explained his determination by stating that petitioners did not qualify for a deduction for a contribution to an I.R.A. under section 219. OPINION Section 219(a) provides that in the case of an individual there shall be allowed as a deduction in computing taxable income amounts paid for the taxable year to a qualified retirement account. Section 220 of the Code, as applicable to the year 1977, permitted a contribution for a spouse who was not gainfully employed. Section 219(b)(2)(A) [2] provides that no deduction shall be allowed under section 219(a) for an individual for a taxable year if for any part of such year he was a participant in a qualified annuity plan including a plan established for its employees by the United States. Section 220 contains a comparable provision. *638 It is respondent's position in this case that for part of the year 1977 petitioner was an active participant in a plan established by the United States for its employees and for that reason is not entitled to any deduction under section 219(a) for contributions to an I.R.A. Petitioner recognizes that this Court has held in a number of cases that taxpayers who participanted for part of a year in a qualified retirement plan provided by their employer are not entitled to any deductions under section 219(a) for a contribution to an I.R.A. [3] He, however, states that we should reconsider our view in light of the decision in Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), revg. a Memorandum Opinion of this Court. In the Foulkes case, the Seventh Circuit declined to adopt the reasoning of this Court in cases involving a taxpayer who was a member of a qualified retirement plan which terminated as to him during the year involved when the facts showed that by such termination the taxpayer forfeited all rights including any potential right to ever receive a benefit from the retirement plan. The Seventh Circuit relied on its decision in Johnson v. Commissioner,620 F.2d 153 (7th Cir. 1980). *639 In the Johnson case, the Seventh Circuit had affirmed a decision of this Court denying a deduction to a taxpayer who had made a contribution to an I.R.A. in the first part of a taxable year while he was working for an employer who had no form of qualified pension plan where that taxpayer later in the year began to work for a second employer who did have a qualified pension plan. The Seventh Circuit in Foulkes v. Commissioner,supra, stated that the situation in the Johnson case was that which Congress intended to prevent by allowing an I.R.A. deduction to an individual who during any part of the year was a participant in a qualified plan. The Court stated that in the Johnson case the taxpayer would obtain a double benefit for the year by being a member of a qualified pension plan and also contributing to an I.R.A. The Court said, however, that where all rights of the taxpayer under the qualified plan had terminated before the end of the year, the situation was different and no such double benefit would arise. *640 In our view, the instant case is distinguishable from Foulkes v. Commissioner,supra, since here, as in Chapman v. Commissioner,77 T.C. 477 (1981), there is a potential for a double tax benefit since petitioner might become re-employed by the government and pay back into the retirement plan the funds he had withdrawn. In Chapman v. Commissioner,supra, we stated as follows with respect to the Foulkes case: We have considered the recent opinion in Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), reversing a Memorandum Opinion of this Court, and we believe it is distinguishable. In that case, the taxpayer terminated his employment in May 1975 and forfeited his right to benefits under his employer's qualified noncontributory pension plan. Moreover, it was conceded in that case that the break in service rules of section 411(a)(6) did not apply to the taxpayer under the pension plan (i.e., he would receive no credit under the plan for past time if he returned to his former employment). The Court of Appeals, stressing that the congressional purpose in enacting the "active participant" limitation *641 in Section 219(b)(2)(A)(i) was to prevent the potential for a double tax benefit, concluded under these particular facts that as of the end of the taxable year 1975 the taxpayer had no potential for a double tax benefit and, hence, was not an "active participant" in a qualified plan in 1975 within the limitation of section 219(b)(2)(A)(i). To the contrary, it has been stipulated in the instant case that the petitioner would be entitled to a reinstatement of previously accrued benefits if he were to be reemployed by Blue Cross/Blue Shield of Massachusetts after 1976 within the time period provided by the break-in-service provisions of the Blue Cross/Blue Shield of Massachusetts Pension Plan. Therefore, the potential for a double tax benefit did in fact exist as of the end of 1976 and, consequently, the rationale adopted by the Court of Appeals in the Foulkes case is not applicable. [Footnotes omitted.] In the instant case, the situation is not comparable to that in Foulkes v. Commissioner,supra, since under the provisions of Title 5, U.S.C., sec. 8334 (d), petitioner would be entitled should he return to Federal Government *642 employment to pay back into the retirement system the amount refunded to him plus interest and receive credit toward his retirement for the years during which he was employed by the Federal Energy Administration. While we view this case as distinguishable from the Foulkes case, it should be pointed out that any appeal in this case would be to the Circuit Court of Appeals for the Fifth Circuit. In Johnson v. Commissioner,661 F.2d 53 (5th Cir. 1981), affg. 74 T.C. 1057 (1980), the Court stated, with respect to the Foulkes case, as follows: We note with approval the recent observations of our colleagues of the Seventh Circuit: "Congress enacted section 219(b)(2) to prevent situations in which taxpayers would obtain double tax benefits by setting aside in an IRA the maximum portion of their income allowed and deferring tax on that income, while for the same year deferring tax on employer contributions to a qualified pension plan." Johnson v. Commissioner,620 F.2d 153, 155 (7th Cir. 1980) (citing H. Rep. No. 93-807, 93d Cong., 2d Sess., reprinted in [1974] U.S. Code Cong. & Admin. News 4639, 4793-94); Orzechanski v. Commissioner,592 F.2d 677 (2d Cir. 1979)). *643 However, we decline to follow their statutory interpretation in Foulkes v. Commissioner,638 F.2d 1105 (7th Cir. 1981), to the extent that case may involve a factual situation which is not distinguishable. We conclude that respondent correctly disallowed petitioners' claimed deduction for $ 1,750 to an I.R.A. in 1977. Since we have sustained respondent's disallowance of the claimed I.R.A. deduction, it follows that this amount is an excess contribution. Application of the 6 percent excise tax under section 4973(a) is automatic where the taxpayer has made an excess contribution. Johnson v. Commissioner,661 F.2d 53 (5th Cir. 1981), affg. 74 T.C. 1057 (1980); Orzechowski v. Commissioner,69 T.C. 750 (1978), affd. 592 F.2d 677, 679 (2nd Cir. 1979). See also Guest v. Commissioner,72 T.C. 768, 779 (1979). Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. Sec. 219(b)(2)(A) provides as follows: (b) Limitations and Restrictions.-- (2) Covered by certain other plans.--No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year-- (A) he was an active participant in- (i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a), (ii) an annuity plan described in section 403(a), (iii) a qualified bond purchase plan described in section 405(a), or (iv) a plan established for its employees by the United States, by a State or political subdivision thereof, or by an agency or instrumentality of any of the foregoing * * *.↩
3. In fact, in Alexander v. Commissioner,T.C. Memo. 1980-71, this Court held that an employee of the Federal Energy Administration who was refunded the amounts which he had contributed from his wages to the United States Civil Service Retirement Program when he left his employment in 1975 was not entitled to deduct contributions to an I.R.A. for the year 1975. The only factual distinction in Alexander v. Commissioner,supra, and the instant case is that the taxpayer in the Alexander case had been employed at the Federal Energy Administration for slightly over five years and could have elected to leave his money in the program and received a deferred annuity at age 62 whereas petitioner in this case had not been employed at the Federal Energy Administration for five years and could not elect to leave the amounts he had paid in under the Civil Service Retirement Program in the program and received a deferred annuity. However, our holding in the Alexander case did not turn solely on the taxpayer's right to leave his money in the program. In that case, after commenting on this possibility, we stated: Moreover, there is always the possibility that he may return to the Federal service, in which event he will be able to redeposit into the Civil Service Retirement System his refunded contributions, plus interest, and again be covered by that system. This is exactly the type of double benefit that the Congress intended to prevent by denying deductions for an IRA if the person was "an active participant" in any other plan "for any part of such year." See H. Rept. 93-807, supra,↩ 1974-3 C.B. (Supp.), at p. 364.