LARRY R. PEIPER AND LAURA L. PEIPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Peiper v. Commissioner
Docket No. 3254-82.
United States Tax Court
T.C. Memo 1984-656; 1984 Tax Ct. Memo LEXIS 18; 49 T.C.M. (CCH) 338; T.C.M. (RIA) 84656; December 19, 1984. Larry R. Peiper and Laura L. Peiper, pro se. Max K. Boyer, for the respondent. HAMBLEN MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined a deficiency in the amount of $1,993.02 in petitioners' joint 1979 Federal income tax. The sole issue for determination is whether the new principal residence credit claimed by petitioners in 1975 must be recaptured in 1979. FINDINGS OF FACT This case was submitted fully stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Lake City, Florida, when they filed their *21 petition in this case. On June 13, 1975, petitioners purchased a new residence at 708 Alabama Street, Sulphur, Louisiana ("Louisiana residence"). Petitioners claimed and were allowed a new principal residence credit with respect to this residence under section 44(a) [1] of $1,993.02 on their 1975 Federal income tax return. Petitioners sold this residence on February 17, 1978. The sale of petitioners' Louisiana residence was not made on account of the death of any individual having a legal or equitable interest therein. Petitioners' Louisiana residence was not substantially or completely destroyed by a casualty described in section 165(c)(3) or compulsorily or involuntarily converted within the meaning of section 1033(a). The sale of petitioners' Louisiana residence was not made pursuant to a settlement in a divorce or legal separation proceeding. On March 20, 1978, petitioners purchased a residence at 7 High Ridge Road, Shelton, Connecticut ("Connecticut residence"). Petitioners were not the first occupants of this residence. *22 OPINION Section 44(a) [2] provides a credit against the tax for certain acquisitions of a new principal residence prior to January 1, 1977, for property which is self-constructed and, if the property is not self-constructed, for which a binding contract was entered into prior to January 1, 1976. Sec. 44(e). However, disposition of the residence within a designated time period triggers recapture of the credit previously taken unless the disposition is the consequence of certain statutorily determined events. Sec. 44(d)(1) provides: (d) Recapture for Certain Dispositions.-- (1) In General.--Except as provided in paragraphs (2) and (3), if the taxpayer disposes of property with respect to the purchase of which a credit was allowed under subsection (a) at any time within 36 months after the date on which he acquired it (or, in the case of construction by the taxpayer, on the day on which he first occupied it) as his principal residence, then the tax imposed under this chapter for the taxable year in which terminates the replacement period under paragraph (2) with respect to the disposition is increased by an amount equal to the amount allowed as a credit for the purchase *23 of such property. The recapture provision does not apply where section 44(d)(2) or 44(d)(3) is applicable. Section 44(b)(2) provides, in pertinent part: (2) Acquisition of New Residence.--If, in connection with a disposition described in paragraph (1) and within the applicable period prescribed in section 1034, the taxpayer purchases or constructs a new principal residence, then the provisions of paragraph (1) shall not apply * * * During 1978 the applicable period in section 1034 was generally 18 months. [3] Sec. 1034(a). A new principal residence includes only a residence where the original use commences with the taxpayer. Sec. 44(c)(1). Section 44(d)(3) *24 provides additional exceptions to the general rule of recapture. These exceptions are: (A) a disposition of a residence made on account of the death of any individual having a legal or equitable interest therein occurring during the 36 month period to which reference is made under such paragraph, (B) a disposition of the old residence if it is substantially or completely destroyed by a casualty described in section 165(c)(3) or compulsorily and involuntarily converted (within the meaning of section 1033(a)), or (C) a disposition pursuant to a settlement in a divorce or legal separation proceeding where the other spouse retains the residence as principal residence. [Sec. 44(d)(3).] It is clear in this case that petitioners' disposition of the Louisiana residence falls squarely within the recapture provision of section 44(d)(1) and that neither section 44(d)(2) nor 44(d)(3) is applicable. [4] Petitioners acquired the Louisiana residence on June 13, 1975, and disposed of it on February 17, 1978, approximately 32 months later. Section 44(d)(1) provides that recapture applies if a disposition of property which is not self-constructed is made within 36 months after the date of *25 acquisition unless a new principal residence is acquired within the period prescribed in section 1034, here 18 months, or the disposition falls within one of the enumerated exceptions of section 44(d)(3). Here, the Connecticut residence acquired by petitioners is not a new principal residence within the meaning of section 44(c)(1) since petitioners were not the original occupants and thus the original users of the residence. Petitioners do not *26 claim that any other residence which would qualify as a new principal residence was acquired by them within the 18-month period. Consequently, petitioners cannot avoid recapture through the operation of section 44(d)(2). Further, petitioners concede that the disposition does not fall within any of the enumerated dispositions of section 44(d)(3). The year in which petitioners should report the recaptured amount is 1979. Section 44(d)(1) provides that the recapture tax is imposed at the termination of the period used to measure the time for acquisition of a new residence under section 44(d)(2), here 18 months. In this case, the 18-month period ended in 1979. Petitioners, however, assert that the recapture provisions of section 44(d)(1) should not be applied to them because they relied on information provided in U.S. Department of the Treasury Publication 591, "Tax Credit for the New Home Buyer." Petitioners believe that this publication indicated that they would not be subject to section 44(d)(1) on the sale of the Louisiana residence. Petitioners believed that the explanation in this publication would permit them to replace their Louisiana residence with another residence which *27 was not a new principal residence within the meaning section 44(c)(1). This publication provides, in pertinent part: Replacement residence. If you dispose of the original residence, on which the purchase credit was allowed, within 36 months of its acquisition, but replace it with a newresidence within 18 months of the disposition, you need not repay any part of the credit if you reinvest the full proceeds in the replacement residence. * * * In other words, to avoid repayment of any of the credit, your cost of purchasing the new replacement residence must at least equal the adjusted sales price realized from the original residence. [Emphasis added] U.S. Department of the Treasury Publication 591, "Tax Credit for the New Home Buyer," pg. 3. The new residence referred to in this publication is a "new principal residence" defined in section 44(e)(1) as "a principal residence * * * the original use of which commences with the taxpayer." Here, the Connecticut residence is not a new principal residence. While we sympathize with petitioner's misunderstanding as to the meaning of "new residence", we cannot grant them relief on this basis. As the Fifth Circuit *28 has observed: We do not fault the Treasury Department for trying to provide guidelines for taxpayers confronted with the bewildering maze of our tax laws, and we sympathize with the taxpayer who in fact relies upon what he accepts as an authoritative interpretation of the laws and of the Treasury publications. But nonetheless it is for the Congress and the courts and not the Treasury to declare the law applicable to a given situation. * * * Carpenter v. U.S.,495 F.2d 175, 184 (5th Cir. 1974). See also Johnson v. Commissioner,620 F.2d 153 (7th Cir. 1980); Adler v. Commissioner,330 F.2d 91 (9th Cir. 1964); Caterpillar Tractor Co. v. U.S.,218 Ct. Cl 517, 589 F.2d 1040 (1978). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the applicable period.↩
2. Sec. 44 was repealed by Pub. L. 98-369, 98 Stat. 833.↩
3. A longer period might be available for the taxpayer who constructed his residence or who was a member of the armed forces. Sec. 1034(c)(5); [since repealed] sec. 1034(h). Neither of these circumstances were present in this case. In addition, a longer period might be available for a taxpayer whose tax home was outside the United States after the date of sale. Sec. 1034(k). Petitioners do not claim to come within this extended period.↩
4. Petitioner also initially maintained that their purchase and sale was not intended to come within the recapture provisions of sec. 44(d)(1). Sec. 44 was the product of the Tax Reduction Act of 1975, Pub. L. 94-12, 89 Stat. 26. We find absolutely no support for petitioners' contention in the legislative history of the Tax Reduction Act, and the Senate Committee report primarily emphasizes that the new credit is designed to stimulate the housing industry. S. Rept. 94-36 (1975), 1975-1 C.B. 590, 605. The imposition of a recapture tax on petitioners is not inconsistent with this goal. See also Dobin v. Commissioner,73 T.C. 1121↩ (1980), for a discussion of the legislative history of sec. 44.