T.C. Summary Opinion 2003-2


UNITED STATES TAX COURT


WILLIAM R. AND DEBORAH L. CRAMER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

FRANK E. AND GAIL L. DUNDA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 2341-02S, 2644-02S.　　　　Filed January 9, 2003.


Frank E. and Gail L. Dunda, pro sese.

William R. and Deborah L. Cramer, pro sese.

<u>Erin K. Huss</u>, for respondent.


WOLFE, <u>Special Trial Judge</u>:  These consolidated cases were heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petitions were filed. The decisions to be entered are not reviewable by any other court, and this opinion should not be cited as authority.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,516 in the 1998 Federal income tax of Frank E. and Gail L. Dunda and a deficiency of $1,610 in the 1998 Federal income tax of William R. and Deborah L. Cramer. The issue for decision is which couple is entitled to dependency exemption deductions for 1998 for two children of petitioner Frank E. Dunda (Dunda) and petitioner Deborah L. Cramer (Cramer), formerly Deborah L. Dunda, during their former marriage. Some of the facts in each case have been stipulated and are so found.

When Dunda and his wife filed their petition and their amended petition, they resided in Glendale, Arizona. When Cramer and her husband filed their petition and their amended petition, they resided in Peoria, Arizona. The Court consolidated these cases for purposes of trial, briefing, and opinion because they involve common questions of fact and law arising from the separation and divorce of petitioners Dunda and Cramer.

Dunda and Cramer divorced on June 6, 1988, pursuant to the Decree of Dissolution of Marriage (divorce decree) issued by the Superior Court of the State of Arizona in and for the County of Maricopa (divorce court). The divorce decree incorporated the

provisions of the Shared Custody Agreement (custody agreement) executed by Cramer on May 12, 1988, and by Dunda on June 6, 1988.

Pursuant to the divorce decree, Dunda and Cramer share custody of their children:  Melissa J. Dunda, born on June 3, 1980; Charles E. Dunda, born on September 14, 1984 (Charles); and Daniel F. Dunda, born on October 29, 1987 (Daniel).  The divorce decree designates Cramer's home as the children's primary residence and orders Dunda to pay Cramer $800 per month in child support.  Paragraph 14 of the divorce decree states that "Father shall be entitled to claim the three children as dependents for income tax purposes".  Dunda and his attorney appeared before the divorce court, but neither Dunda nor his attorney signed the divorce decree.  Neither Cramer nor her attorney appeared before the divorce court, but they both signed the divorce decree on the last page, to indicate their approval "as to form and content".

Subsequently, the divorce court issued an order, filed November 29, 1995, decreasing Dunda's child support obligation to $718 per month (child support order).  Paragraph T of the child support order stated:

> The Obligor has a child support obligation of at least $1,200 per year.  If Obligor has paid at least that amount in full during the calendar year and all support due for the calendar year, as well as any court ordered arrearage payments due for the calendar year by December 31, or if by order of assignment, by January 15 of the following year, the federal tax exemption for minor children is allocated as follows:  as previously ordered.  Obligee shall execute the necessary Internal Revenue Service forms to transfer the exemption(s) consistent with this Order.

The order was effective September 1, 1995.

Charles and Daniel lived with Cramer for most of 1998. On their 1998 joint Federal income tax return (the Dundas' return), Dunda and his wife claimed dependency exemption deductions for both Charles and Daniel. The Dundas attached a copy of the last page of the divorce decree to their tax return for 1998, but they failed to attach to that tax return a copy of IRS Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. On their 1998 joint Federal income tax return (the Cramers' return), Cramer and her husband also claimed dependency exemption deductions for Charles and Daniel.

Dunda and his wife, and Cramer and her husband, each received a Notice of Deficiency. The notices disallowed the deductions for the dependency exemptions claimed for Charles and Daniel.

Generally, section 151(c)(1) allows a taxpayer to deduct an exemption amount for each child of the taxpayer who is a dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the calendar year for which such individuals are claimed as dependents. Eligible individuals who may be claimed as dependents include, among others, the sons and daughters of the taxpayer. Sec. 152(a)(1). Special rules establish which parent may claim a minor child as a

dependent where the parents are divorced or separated.  See sec. 152(e).

Generally, if a child's parents are divorced, the child is in the custody of one or both for the year, and the parents provide over half of the child's support, the custodial parent (the parent with custody for the greatest portion of the year) is treated as having provided over half of the child's support for the year, and that parent may deduct the exemption amount with respect to such child for the year.  Sec. 152(e)(1).  The applicable regulations provide that "In the event of so-called 'split' custody, * * * 'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year."  Sec. 1.152-4(b), Income Tax Regs.

The "noncustodial parent", however, may claim the child as a dependent if the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year.  Sec. 152(e)(2).  The declaration required under section 152(e)(2) must be made either on a completed Form 8332, or on a statement conforming to the substance of Form 8332.  See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg.

34459 (Aug. 31, 1984).[1]

For a noncustodial parent to satisfy the written declaration requirement of section 152(e)(2), the custodial parent is required to provide the following on Form 8332, or a statement conforming to the substance of Form 8332: (1) The names of the children with respect to whom the exemptions are released; (2) the years for which the claims to exemptions are released to the noncustodial parent; (3) the signature of the custodial parent confirming his or her consent; (4) the Social Security number of the custodial parent; (5) the date of the custodial parent's signature; and (6) the name and Social Security number of the parent claiming the exemption. Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). Satisfying the signature requirement is critical to the successful release of the dependency exemption within the meaning of section 152(e)(2). Id.; see Horn v. Commissioner, T.C. Memo. 2002-290; Neal v. Commissioner, T.C. Memo. 1999-97. In addition, "the signature of the custodial parent must confirm the custodial parent's intention to release the dependency exemption to the noncustodial

---

[1] Temporary regulations are entitled to the same weight as final regulations. Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

parent and signify her agreement not to claim the dependency exemption herself." Miller v. Commissioner, supra at 193 (emphasis added).

Because Charles and Daniel lived with Cramer for the majority of the 1998 year, Cramer is the custodial parent. Accordingly, Cramer is entitled to claim the children as dependents unless she expressly releases the dependency exemptions to Dunda, the noncustodial parent. Dunda contends that, although Cramer did not execute a Form 8332, Cramer's signature on the divorce decree attached to the Dundas' return satisfies the requirements of a statement conforming to the substance of Form 8332. We disagree. Dunda's attaching a copy of the divorce decree to his tax return does not satisfy the requirements of section 152(e)(2) and does not conform to the substance of Form 8332. See Miller v. Commissioner, supra at 191; see also Loffer v. Commissioner, T.C. Memo. 2002-298 (holding that attaching a copy of the divorce decree, which included a signature of the custodial parent but no specification of the child claimed as a dependent or of the year, did not conform to the substance of Form 8332).

Cramer's signature on the last page of the divorce decree, executed by her several weeks prior to the court hearing in that matter in 1988, does not indicate Cramer's intent to release the dependency exemptions for 1998 on a tax return prepared more than 10 years later. At trial, Dunda not only stated that he did not

attach a completed Form 8332 to his 1998 tax return, but he also testified that he believed Cramer would have refused to sign a Form 8332. Cramer's direct testimony that she "wouldn't have signed" confirmed that she had no intention of releasing the dependency exemptions for 1998.[2] The Cramers' return, on which Cramer claimed the dependency exemptions for Charles and Daniel for 1998, further confirms that she did not intend to release the dependency exemptions for that year.

Moreover, the last page of the divorce decree fails to specify the names of the children for which the exemption claims would be released, the year for which the exemption claims would be released, and Cramer's Social Security number. See Miller v. Commissioner, supra at 190; see also Loffer v. Commissioner, supra; Horn v. Commissioner, supra (holding that a handwritten note did not conform to the substance of Form 8332 in part because the note failed to identify the specific years to which it was meant to apply); White v. Commissioner, T.C. Memo. 1996-438 (holding that a letter purporting to release the dependency exemptions and signed by the custodial parent taxpayer did not

---

[2] Cramer contends that, pursuant to the child support order, Dunda is not entitled to the exemption deductions because Dunda allegedly was in arrears on his child support payments. We do not address the question whether Dunda was precluded from claiming the dependency exemptions because his child support payments were in arrears. Cramer's testimony, regardless of the validity of her contention, clearly indicates that she had no intention of releasing the dependency exemptions to Dunda in 1998.

conform to the substance of Form 8332 in part because it failed to include the years for which the exemption claims would be released and the Social Security numbers of either parent); Cafarelli v. Commissioner, T.C. Memo. 1994-265 (holding that the Form 8332 was not an effective release of the custodial parent's dependency exemption in part because the noncustodial parent did not specify the year for which the exemption claims would be released).

The copy of the last page of the divorce decree that the Dundas attached to their 1998 return plainly is not an effective release of Cramer's claim to dependency exemption deductions for 1998.

Dunda contends that he relied on a publication provided by the Internal Revenue Service indicating that Form 8332 was unnecessary and that the copy of the divorce decree granting him the right to claim the dependency exemption deductions was sufficient. Well-established precedent, however, states that taxpayers rely on such publications at their peril. Miller v. Commissioner, supra at 195. Administrative guidance contained in IRS publications is not binding on the Government, nor can it change the plain meaning of the tax statutes. Id. (citing Johnson v. Commissioner, 620 F.2d 153, 155 (7th Cir. 1980), affg. T.C. Memo. 1978-426; Adler v. Commissioner, 330 F.2d 91, 93 (9th Cir. 1964), affg. T.C. Memo. 1963-196)). The authoritative

sources of Federal Tax law are the statutes, regulations, and judicial decisions; they do not include informal IRS publications.  See <u>Zimmerman v. Commissioner</u>, 71 T.C. 367, 371 (1978), affd. 614 F.2d 1294 (2d Cir. 1979).  Accordingly, Dunda may not rely on the IRS publication he reviewed as the reason he failed to attach to his 1998 return a properly completed and signed Form 8332 or a statement conforming to the substance of Form 8332.

Because Dunda did not satisfy the requirements of section 152(e)(2), he and his wife are not entitled to claim the dependency exemption deductions with respect to Charles and Daniel for 1998.  Because Cramer is the custodial parent and Cramer did not expressly release the dependency exemptions with respect to Charles and Daniel for 1998, Cramer and her husband are entitled to deduct the dependency exemptions for Charles and Daniel for 1998.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

> <u>Decision will be entered</u> <u>for petitioners in docket No.</u> <u>2341-02S.</u>
> <u>Decision will be entered</u> <u>for respondent in docket No.</u> <u>2644-02S.</u>